Estate of Vern CARPER, Deceased and Dorothy Lehman, Appellees/Cross Appellants,

v.

STATE FARM MUTUAL INSURANCE COMPANY, Appellant/Cross Appellee.

Nos. 84–2038, 84–2091.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1985.

Decided April 3, 1985.

Rehearing Denied April 29, 1985.

John Werner, Des Moines, Iowa, for appellant/cross appellee.

Robert E. Feilmeyer, Guthrie Center, Iowa, for appellees/cross appellants.

Before ROSS and BOWMAN, Circuit Judges, and SCHATZ,* District Judge.

SCHATZ, District Judge.

Dorothy Lehman and the Estate of Vern Carper brought this diversity action for recovery on an automobile insurance policy issued by State Farm Mutual Insurance Company (State Farm) to Dorothy Lehman and her husband, Dayton. State Farm had denied coverage for an automobile accident on the basis of a policy exclusion of coverage for accidents occurring in connection with the operation of a non-owned vehicle available for the frequent or regular use of an insured. By answers to special interrogatories, the jury found that statements by agents of State Farm gave rise to coverage under the theories of reasonable expectations and implied warranty, and the jury rendered a verdict in favor of the plaintiffs in the amount of $50,000. On appeal, State

---

* The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska, sitting by designation.

Farm contends that the trial court erred in failing to sustain its motion for directed verdict on the ground that there was insufficient evidence to justify submission of these theories to the jury. We disagree and affirm the judgment of the district court.

The facts are these. In 1978, Dorothy Lehman lived on a farm in rural Guthrie Center, Iowa, with her husband and their children. The family owned two vehicles, a pickup truck and a Chevrolet Caprice, both insured with State Farm. In early 1978, Vern Carper, Dorothy Lehman's uncle, was hospitalized in Des Moines, Iowa. She visited him regularly and, on one visit, Vern gave her the keys to his 1975 Mazda. He told her that she could use the automobile to visit him in the hospital. However, Carper stated no express restrictions as to the permitted scope of her use. On March 1, 1978, Carper passed away, and Dorothy Lehman was appointed executor of his estate.

After Carper's death, Lehman kept the Mazda at the farm until November 22, 1978. During that time, Lehman and her husband discussed the matter of insurance on the Mazda between themselves and also with an attorney hired to probate the Carper estate. Lehman contacted Farm Bureau Insurance Company (Farm Bureau), which had insured the Mazda for Carper, and she directed that the prior insurance should remain in force. Lehman, on behalf of the estate, paid the premiums. However, Lehman did not inquire as to the amount of liability coverage on the Farm Bureau policy. She testified at trial that had she known that the Farm Bureau policy had a $10,000 liability limit, she would have raised those limits. Furthermore, prior to November 22, 1978, neither Lehman nor her husband informed State Farm that they had possession of the Mazda or inquired as to whether their use of that automobile would be a covered use under their State Farm policy.

On November 22, 1978, Dorothy drove the Mazda to Des Moines to visit a hospitalized friend. The Mazda collided with another automobile, resulting in personal injuries to the occupants thereof. After a suit was filed against Lehman and the Estate of Vern Carper, Lehman made a demand upon State Farm to defend the suit and to pay any judgment in excess of the liability limits of the Farm Bureau policy. State Farm declined on the basis of a coverage exclusion provision relating to non-owned vehicles "available for the frequent or regular use" of the insured. Ultimately, Farm Bureau tendered the $10,000 policy limits and the Vern Carper estate paid an additional $50,000 in settlement of the suit arising out of the accident.

Lehman and the Estate of Vern Carper subsequently filed suit against State Farm for $50,000, plus punitive damages for malicious denial of coverage. The original complaint sought recovery under the State Farm policy on the basis that the Mazda was not available for the frequent or regular use of Lehman. The amended complaint also sought recovery under the common law theories of reasonable expectations, implied warranty and unconscionability.

At the close of the evidence, plaintiffs withdrew their claim for punitive damages for malicious denial of coverage. Furthermore, the trial court sustained State Farm's motion for directed verdict on the theory of unconscionability, but denied such motion as to the theories of reasonable expectations and implied warranty. The case was then submitted to the jury on the issue of whether plaintiffs had met the burden of proof to show that the Mazda was not available for the frequent or regular use of Lehman. On that issue, the jury returned a verdict in favor of State Farm. Subsequently, and over State Farm's objection, the court submitted the theories of reasonable expectations and implied warranty to the jury by way of special interrogatories. The jury found in favor of plaintiffs on both theories, State Farm's motions for judgment notwithstanding the verdict and for a new trial were denied, and this appeal followed.

The sole argument advanced by State Farm on appeal is that plaintiffs failed to present substantial evidence to warrant submission of the theories of reasonable expectations and implied warranty to the jury. In analyzing the sufficiency of evidence to support a jury verdict in a diversity case, this Court has generally applied the appropriate state sufficiency standard where the issue has not been raised by the parties and the state and federal standards are similar. *DeWitt v. Brown,* 669 F.2d 516, 523 (8th Cir.1982); *Sowles v. Urschel Laboratories, Inc.,* 595 F.2d 1361, 1364 (8th Cir.1979); *McIntyre v. Everest & Jennings, Inc.,* 575 F.2d 155, 158 (8th Cir.), cert. denied, 439 U.S. 864, 99 S.Ct. 187, 58 L.Ed.2d 173 (1978); *Gisriel v. Uniroyal, Inc.,* 517 F.2d 699, 701 n. 6 (8th Cir.1975). However, the federal standard has also been applied in such a situation. See, *Farner v. Paccar, Inc.,* 562 F.2d 518, 522 (8th Cir.1977). Obviously, consideration of which standard is appropriate is insignificant where both the state and federal standards are in fact substantially similar. *Lackawanna Leather Co. v. Martin & Stewart, Ltd.,* 730 F.2d 1197, 1201 n. 3 (8th Cir.1984).

▪ Under Iowa law, "[i]n considering the propriety of a motion for directed verdict, the court views the evidence in the light most favorable to the party against whom the motion was made.... Even when the facts are not in dispute or contradicted, if reasonable minds might draw different inferences from them a jury question is engendered." *Osborn v. Massey-Ferguson, Inc.,* 290 N.W.2d 893, 901 (Iowa 1980). This court has previously held that the Iowa standard for determining the sufficiency of the evidence is similar to the federal standard. *McKnelly v. Sperry Corp.,* 642 F.2d 1101, 1105 (8th Cir.1981). Although various formulations of the federal standard have been utilized, the standard essentially requires that we review the evidence in a light most favorable to the nonmoving party. In so viewing the evidence, we must:

(1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn.

*Dace v. ACF Industries, Inc.,* 722 F.2d 374, 375 (8th Cir.1983), supplemented by, 728 F.2d 976 (8th Cir.1984). See also, *Brown v. Missouri Pacific Railroad,* 703 F.2d 1050, 1052 (8th Cir.1983); *Rogers v. Allis-Chalmers Credit Corp.,* 679 F.2d 138, 140 (8th Cir.1982). This standard necessarily precludes this court from freely substituting its own view of the facts for that of the trier of fact. *DeWitt v. Brown,* supra, 669 F.2d at 523.

▪ Applying the above standards, we cannot say that the jury verdict in favor of plaintiffs was unsupported by sufficient evidence. The theory of reasonable expectations, under Iowa law, places substance over form and seeks to avoid frustration of an insured's reasonable expectations as to insurance coverage. In other words, the doctrine applies if, in light of the underlying circumstances, including negotiations and representations, the insurance policy as issued contains an exclusion which (1) is bizarre or oppressive, (2) eviscerates terms explicitly agreed to, or (3) eliminates the dominant purpose of the transaction. *Farm Bureau Mutual Insurance Co. v. Sandbulte,* 302 N.W.2d 104, 112 (Iowa 1981); *C & J Fertilizer, Inc. v. Allied Mutual Insurance Co.,* 227 N.W.2d 169, 176 (Iowa 1975). The theory of implied warranty for a particular purpose focuses on the circumstances present at the time an insurance policy is issued. Under this theory, a plaintiff must show that the insurer had reason to know the particular purpose for which the policy was purchased, that the plaintiff relied upon the insurer's skill or judgment in furnishing such coverage, and that the resulting implied warranty was breached. *Farm Bureau Mutual Insurance Co. v. Sandbulte,* supra, 302 N.W.2d at 110.

At trial, both Dorothy Lehman and her husband testified that they purchased their first State Farm automobile insurance policy in 1955 from an agent named Frank Strong. Although Strong could not recall making the statement, the Lehmans claimed that Strong represented to them that the policy would provide coverage whenever they operated a non-owned automobile with the owner's permission. They purchased the State Farm policy with that representation in mind and were not informed of the coverage exclusion provision for use of a non-owned automobile available for their frequent or regular use until State Farm declined coverage following the 1978 accident. On another occasion, approximately fifteen years prior to trial, the Lehmans contacted State Farm agent Bill Walters to inquire about coverage when Mr. Lehman periodically operated a non-owned automobile in connection with a car pool. The Lehmans testified that Walters represented that coverage was "no problem." Walters could not specifically recall the conversation, but denied that he would make such a broad statement as to coverage.

Based upon these claimed representations, the Lehmans testified that they expected that the State Farm policy would provide coverage for the 1978 accident, and that they were surprised when State Farm declined coverage on the basis of the policy exclusion.

Although the evidence offered at trial in support of the theories of reasonable expectations and implied warranty is clearly not overwhelming, the standard which guides us in this matter requires us to conclude that the evidence was sufficient to warrant submission of these theories to the jury.

In their cross-appeal, plaintiffs allege that the trial court erred in defining the scope of the term "availability" as utilized in the instructions governing the non-owned automobile exclusion. Specifically, plaintiffs argue that the trial court's instructions allowed the jury to consider all uses of the Mazda, both estate and non-estate, in determining whether the Mazda was available for the frequent or regular use of the insureds. They claim that the instructions should have differentiated between estate and non-estate uses, so as to allow the jury to determine whether the Mazda was available for the frequent or regular non-estate, personal use of the Lehmans. We have carefully reviewed the evidence and find that no error was committed in these instructions.

Affirmed.