**Eleanor M. BELL, Appellant,**

v.

**GAS SERVICE COMPANY, Appellee.**

**No. 85–1114.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 10, 1985.

Decided Dec. 5, 1985.

---

Richard E. Armitage, Kansas City, Mo., for appellant.

Steven Carr, Kansas City, Mo., for appellee.

Before ROSS, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ROSS, Circuit Judge.

Appellant Eleanor M. Bell appeals from an adverse judgment in her age discrimination suit brought against her employer, Gas Service Company (appellee). Because we agree with the district court's [1] ultimate disposition of the case, we affirm the judgment of the district court.

## I. FACTS

Appellant began working as a clerk for appellee on July 24, 1978, when she was 51 years of age. On May 16, 1980, appellant bid and was accepted for promotion to the position of Customer Service Representative (CSR). After she completed a trial period appellant was permanently assigned to the CSR position. As a CSR her duties consisted mainly of answering the phone, responding to service requests from customers and filling out call slips regarding customer calls. During her employment as a CSR, appellant received 28 documented warnings and reprimands concerning deficiencies in her job performance.

Two supervisors reviewed the work of the sixteen CSRs in appellant's work area. Each supervisor could monitor the calls and conversation between the CSRs and customers. The supervisors monitored the CSRs periodically during the day and the CSR was unaware that he or she was being monitored. Appellee had a policy which stated that any CSR who deliberately disconnected a customer's call would immediately be discharged. All CSRs, including appellant, initialed the office memorandum outlining this policy. Appellee also had a policy which provided that an employee

---

1. The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

who is not adequately performing in a position to which he or she was promoted, could be "disqualified" back to the lower position.

On September 8, 1982, one of appellant's supervisors, Jenna Jo Kinchelow, monitored the appellant and heard a customer's call be disconnected without appellant speaking. Kinchelow inspected appellant's call slips and ascertained that appellant had filled out call slip # 45 for the call that had been disconnected. Kinchelow continued to monitor the appellant for five or six additional calls which appellant handled properly.

At a meeting held the next day, attended by appellant, her union steward, and her supervisors, appellant denied deliberately disconnecting any customer and stated that her equipment hadn't been working correctly. Appellant volunteered that if she had disconnected a customer that she had not done it intentionally. Appellant also denied falsifying call slip # 45. Appellant was discharged on or about September 24, 1982, for violation of the company policy against disconnecting customers and for falsification of the call slip.

Following her discharge appellant filed a grievance under her union contract, and proceeded to arbitration which resulted in a finding that appellee had just cause to terminate her. Appellant's union grievance did not allege age discrimination. Appellant also filed a complaint with the EEOC alleging age discrimination which resulted in a finding that further action by the EEOC on her age claim was unwarranted. Upon receipt of the EEOC letter appellant filed this action alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (1985). Appellant later amended her complaint to add a claim that appellee had fraudulently induced her to accept the CSR position with knowledge that she was unqualified.

Before trial the district court dismissed the misrepresentation claim for lack of sub-ject matter jurisdiction after finding that appellee's conduct was arguably protected by section 157 of the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151–168 (1985) or arguably prohibited by section 158 of the NLRA. Appellant's age discrimination claim proceeded to trial before a jury which found in favor of appellant and awarded $29,770 in actual damages. The jury separately found that appellee's conduct was willful.

Subsequent to the jury verdict the district court granted appellee's motion for judgment notwithstanding the verdict (judgment n.o.v.) and conditionally ordered a new trial if the judgment for appellee is reversed. Appellant filed this appeal contesting the district court's entry of the judgment n.o.v. and conditional grant of a new trial on the age discrimination claim and the dismissal of the misrepresentation claim.

## II. DISCUSSION

### A. *Judgment N.O.V. on Age Claim*

The standard for granting a judgment n.o.v. is well established in this circuit. This court has stated that in determining whether a party is entitled to judgment notwithstanding an adverse jury verdict, the trial court must view the evidence in the light most favorable to the party who prevailed before the jury. *Halsell v. Kimberly-Clark Corp.*, 683 F.2d 285, 295 (8th Cir.1982), *cert. denied*, 459 U.S. 1205, 103 S.Ct. 1194, 75 L.Ed.2d 438 (1983). Like a directed verdict, a judgment n.o.v. should be granted only when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. *Dace v. ACF Industries, Inc.*, 722 F.2d 374, 375 (8th Cir.1983) (*quoting Decker-Ruhl Ford Sales, Inc. v. Ford Motor Credit Co.*, 523 F.2d 833, 836 (8th Cir.1975)).

This standard requires both the trial court and this court[2] to resolve direct factual conflicts in favor of appellant, assume

---

**2.** The standards for appellate review of the judgment n.o.v. are the same as those which the district court must apply. *Smith v. Monsanto Chemical Co.*, 770 F.2d 719, 722 (8th Cir.1985).

all facts in her favor which the evidence tends to prove and give her the benefit of all reasonable inferences. *Craft v. Metromedia, Inc.*, 766 F.2d 1205, 1218 (8th Cir.1985). Thus keeping this standard in mind, we must consider the nature of proof required under the ADEA and evaluate the evidence appellant presented at trial against such requirements. *Holley v. Sanyo Mfg., Inc.*, 771 F.2d 1161, 1164 (8th Cir.1985).

The evidentiary burdens in an ADEA case are the same as those applied in a Title VII case. *Id.* To prove an age discrimination case a plaintiff such as Bell must establish a prima facie case by showing that she is within the protected group; that her performance met her employer's legitimate expectations; that she was fired and that afterwards the employer sought a replacement for the position. *Halsell, supra*, 683 F.2d at 289. If plaintiff establishes a prima facie case, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the discharge. In the case of an alleged age discrimination violation based on discharge, an employer may meet its burden by showing that the discharge was for good cause as prescribed in 29 U.S.C. § 623(f)(3). If the employer meets its burden, plaintiff must then show by a preponderance of the evidence that the reasons offered by the employer were not the true reasons, but were a pretext for discrimination. *Id., citing, Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The ultimate burden that a plaintiff must meet is to show that her age was a determining factor in the discharge. *Tribble v. Westinghouse Electric Corp.*, 669 F.2d 1193, 1196 (8th Cir.1982), *cert. denied*, 460 U.S. 1080, 103 S.Ct. 1767, 76 L.Ed.2d 342 (1983); *Cleverly v. Western Electric Co.*, 594 F.2d 638, 641 (8th Cir.1979); and *Cova v. Coca-Cola Bottling Co. of St. Louis*, 574 F.2d 958, 960 (8th Cir.1978). On review, however, we need not discuss the record in terms of whether or not appellant established a prima facie case since the case proceeded to a full trial on the merits. *See United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 713–14, 103 S.Ct. 1478, 1481–82, 75 L.Ed.2d 403 (1983). We focus instead on the ultimate question whether the appellant has sufficiently established a case of intentional age discrimination.

In the present case appellant tried to prove age discrimination three ways. Using a theory of disparate treatment, appellant attempted to establish that she was discharged because of her age, that she was denied the use of a handphone and was verbally abused because of her age, and that she was not disqualified to another position because of her age. Appellant argues that she proved these violations of the ADEA through use of circumstantial evidence and reasonable inferences and that she proved that the appellee's reasons for its employment decisions were a pretext for age discrimination.

■ As for the discharge violation, appellant's evidence established that she was discharged because of the September 8, 1982 disconnection and the filling out of call slip # 45. Appellant offered her own testimony that she accepted that the disconnection occurred, but that it was not intentional on her part and that she did actually take a customer's call that was reflected on call slip # 45. While this evidence supports the inference that the appellee did not believe appellant when she denied deliberately disconnecting a customer and denied falsifying call slip # 45, we are not satisfied that it demonstrated that the appellee terminated appellant because of her age. There is simply no evidence in the record that the appellee's reliance on its supervisor's account of what transpired on September 8, 1982, had anything to do with the fact of appellant's age. In this case we are not concerned with whether the appellee was correct to believe Kinchelow rather than appellant, but whether the reasons for doing so were based upon an impermissible factor such as appellant's age. As we stated in *Jorgensen v. Modern Woodmen of America*, 761 F.2d 502, 505 (8th Cir.1985), "[t]he ADEA is not intended to be used as a means of reviewing the propriety of a business decision on the part of" the employer.

Appellant also claims that she presented evidence to show that the reasons the appellee gave for her discharge were a pretext. In order to evaluate appellant's evidence of pretext, we first state the reasons the appellee gave for discharging appellant and then consider whether appellant's evidence would support a reasonable inference that these reasons were not the actual reasons for the discharge. This inquiry is not one of weighing the quality and quantity of the appellee's evidence against appellant, or of weighing the credibility of witnesses, but of determining whether appellant's evidence supports a reasonable inference that appellant was not discharged for the reasons given. *Dace, supra,* 722 F.2d at 378–79.[3]

Appellee's management employees gave a consistent, uniform explanation for appellant's discharge. They all stated that appellant was discharged for violating the company policy against deliberate disconnections and for falsification of company records.[4] In response appellant offered evidence that one younger CSR who was found to have deliberately disconnected customers was given an opportunity to return to work for a week but was then terminated for violating the same company policy. This single comparison of factually dissimilar situations does not supply reasonable grounds for a jury to disbelieve the appellee's proffered reasons for discharging appellant. This minimal evidence does not support an inference of pretext.

Regarding the conditions of her employment violation, appellant's evidence was that her supervisors reprimanded her with a harsh tone of voice, ignored her complaints about the persistent difficulties she was experiencing with her equipment and denied her the use of a handphone even though other CSRs occasionally used handphones. Again, all this evidence tends to show is that appellant's working conditions were not optimal but not that these conditions were forced upon appellant because she was an older worker. Appellant herself testified that she didn't know the reason why the company ignored her complaints.

As to appellant's claim that she was discriminated against because she was not disqualified to a lesser position, her evidence established that a younger CSR with medical problems was disqualified to a lesser position for a period of time after she experienced performance problems as a CSR. Quite simply this attempted comparison lacks sufficient factual similarities to support any inference that the failure to disqualify appellant was due to her age.

Having considered the record in a light most favorable to appellant and given her the benefit of all favorable inferences, we must conclude, as did the district court, that there is insufficient evidence for a reasonable jury to have found that the appellee discriminated against appellant because of her age. There is here, as in *Halsell, supra,* a failure of proof that appellee's treatment and discharge of appellant was premised on considerations having anything to do with her age. The record contains no proof, other than speculation, of age bias and it seems plain that a jury could not reasonably have found so. *See Smith v. Monsanto Chemical Co.,* 770 F.2d 719, 724 (8th Cir.1985). The judgment n.o.v. of the district court must be affirmed.[5]

### B. *Dismissal of Fraudulent Misrepresentation Claim*

■ Appellant amended her original complaint to include a claim of fraudulent

---

**3.** Although we view the district court's analysis of the evidence as somewhat contrary to the rules enunciated in *Dace* because the court made credibility determinations, we find this deviation to be harmless in light of the absence of any evidence that age was a determining factor in the appellee's treatment of appellant.

**4.** The district court considered, and we agree, that this evidence was sufficient to establish good cause for the discharge as permitted in 29 U.S.C. § 623(f)(3), a finding which fulfills the employer's burden and shifts the burden of proving pretext to the employee. *Cova v. Coca-Cola Bottling Co. of St. Louis,* 574 F.2d 958, 959–60 (8th Cir.1978).

**5.** In view of this conclusion we need not reach Bell's argument that the district court erred in conditionally granting a new trial. We do note,

misrepresentation. In Count II of her first amended complaint appellant alleged that the appellee fraudulently induced her to accept a permanent assignment to the CSR position with knowledge that she was not qualified for the position.

The district court dismissed the claim for lack of subject matter jurisdiction. The district court found that appellant's misrepresentation claim was a state common law claim that is superseded by application of national labor law. Because it found that appellant's misrepresentation claim arose from her contract rights pursuant to the collective bargaining agreement between the appellee and appellant's union, the court concluded that appellee's conduct was arguably protected activity under section 157 of the NLRA, or arguably prohibited as an unfair labor practice under section 158 and not within either of the two exceptions to the federal preemption doctrine. The district court relied on *Moore v. General Motors Corp.*, 739 F.2d 311 (8th Cir. 1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2320, 85 L.Ed.2d 839 (1985) in which this court found that an employee's cause of action for fraudulent misrepresentation against her employer, GM, was preempted because the rights on which Moore based her claims arose from the collective bargaining agreement. *Id.* at 316.

Subsequent to the district court's dismissal of appellant's misrepresentation claim, the United States Supreme Court stated unequivocally that when the judicial resolution of a state law claim in a civil action is substantially dependent upon analysis of the terms of an agreement made between parties to a labor contract, such a claim must either be treated as a cause of action under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), or dismissed as preempted by federal labor law. *Allis-Chalmers Corporation v. Lueck,* —— U.S. ——, 105 S.Ct. 1904, 85

L.Ed.2d 206 (1985). In an opinion for a unanimous court Justice Blackmun wrote:
> [t]hus, questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or *in a suit alleging liability in tort.*

*Id.* 105 S.Ct. at 1911 (emphasis added).

The relevant inquiry here must be whether the district court was correct to construe appellant's misrepresentation claim as arising from her contract rights pursuant to the collective bargaining agreement. If evaluation of her tort claim is intertwined with consideration of the terms of the labor contract, it seems clear that the holdings of *Allis-Chalmers* and *Moore* require this court to affirm the district court's dismissal. *See* 105 S.Ct. at 1912; 739 F.2d at 317.

The substance of appellant's misrepresentation claim is that the appellee fraudulently induced her to accept the CSR position with the knowledge that she was not qualified. Appellant further alleged she accepted the permanent assignment to the CSR position in reliance on the appellee's representation that she was qualified and thereby foreclosed her rights to remain secure in her employment because she was not given the opportunity to return to her former job (i.e. disqualified). A collective bargaining agreement exists between appellant's union and the appellee. It seems clear that appellant's claim turns on the application of appellee's bid procedure, training procedure, and disqualification procedure, all of which are subject to grievance under the collective bargaining agreement. Appellant's asserted right to be disqualified rather than discharged and the appellee's alleged duty to do so arise from the collective bargaining agreement. We have carefully considered this matter and find that we are in agreement with the district court that appellant's misrepresen-

however, that the authority to grant or deny a new trial is a matter of discretion which we may not reverse absent a strong showing of

clear abuse. *Craft v. Metromedia, Inc.,* 766 F.2d 1205, 1221 (8th Cir.1985).

tation claim arises from contract rights. *See Moore, supra,* 739 F.2d at 316–17. Under these circumstances, appellant's misrepresentation claim was properly dismissed.

### III. CONCLUSION

Accordingly, we affirm the judgment of the district court granting judgment n.o.v. in appellee's favor and dismissing appellant's misrepresentation claim.