Gary RIDENOUR, Appellee,

v.

MONTGOMERY WARD AND COMPANY, Appellant.

No. 85–2008.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1986.
Decided March 21, 1986.

Bruce Johnson, Des Moines, Iowa, for appellant.

Thomas M. Werner, Des Moines, Iowa, for appellee.

Before ARNOLD and FAGG, Circuit Judges, and OLIVER,* Senior District Judge.

PER CURIAM.

Montgomery Ward & Company, Inc. (Montgomery Ward) appeals the district court's denial of its motion for judgment n.o.v. on Gary Ridenour's age discrimination claim under the Age Discrimination in Employment Act (ADEA) and the Iowa Civil Rights Act.

On appeal, Montgomery Ward claims (1) that there was insufficient evidence to support the jury's verdict on Ridenour's age discrimination claim; (2) that there was insufficient evidence to support the award of damages for emotional distress; (3) that Iowa Code § 601A.15(8)(a)(8) does not allow Ridenour to recover damages for emotional distress; and (4) that the trial court's enhancement of an award of attorneys' fees was improper. We affirm the district court's decision in all respects, except that we strike the enhanced portion of the attorney fee award.

Ridenour worked as a salesperson for Montgomery Ward. Ridenour's age discrimination claim was based upon Montgomery Ward's actions taken regarding a company policy requiring its salespersons to sell a certain percentage of service contracts in relation to their overall sales. The policy consisted of a three-step process in which the employee who failed to sell the designated percentage of service contracts was initially counseled, then placed on probation, and finally terminated from employment. Ridenour's employment was terminated when his service contract sales did not meet the standards under the company policy.

At trial, Ridenour presented evidence that younger salespersons in his department were not subjected to the counseling or probationary measures of Montgomery Ward's policy, even though their service contract sales did not meet the policy's standards. Ridenour also presented evidence to show that Montgomery Ward did not provide him with all of the procedural safeguards of the policy before terminating his employment.

Significantly, Ridenour also presented evidence that his overall sales exceeded the sales of any other person in his department and that he had been recognized by the company several times during his employment for his superior sales performance and ability. Finally, Ridenour presented evidence that Montgomery Ward initially hired an individual outside the protected age group to replace him. Hence, because of the discriminatory treatment by the company regarding its policy, Ridenour claimed that his age was a factor in Montgomery Ward's decision to terminate his employment.

The jury agreed with Ridenour and awarded him damages for losses of past earnings and past fringe benefits as well as damages for emotional distress. The district court denied Montgomery Ward's motion for judgment n.o.v. on Ridenour's age discrimination claim but did not accept the jury's finding that Montgomery Ward's violation of the ADEA was willful. Hence, it denied Ridenour liquidated damages. *See* 29 U.S.C. § 626(b).

---

* The HONORABLE JOHN W. OLIVER, Senior United States District Judge for the Western District of Missouri, sitting by designation.

The district court also awarded Ridenour attorneys' fees, including an upward adjustment of the fee in accordance with the principles set forth in *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Craik v. Minnesota State University Board,* 738 F.2d 348 (8th Cir.1984). Montgomery Ward appeals the denial of its motion for judgment n.o.v. and the upward adjustment of the attorneys' fees award.

■ In determining whether or not a party is entitled to judgment n.o.v., this court as well as the trial court must view the evidence in the light most favorable to the party who prevailed. *Bell v. Gas Service Co.,* 778 F.2d 512, 514 & n. 2 (8th Cir.1985). A judgment n.o.v. "should be granted only when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party." *Id.* Thus, we must "assume all facts in [Ridenour's] favor which the evidence tends to prove and give [him] the benefit of all reasonable inferences." *Id.* at 514–15.

■ Here, the district court properly denied Montgomery Ward's motion for judgment n.o.v. After reviewing the record before us, we find sufficient evidence from which the jury could find that age was a factor in its decision to terminate Ridenour's employment and that Ridenour suffered from emotional distress resulting from Montgomery Ward's actions.

■ Furthermore, we uphold the district court's determination that Ridenour can recover damages for emotional distress under Iowa's Civil Rights Act. An appropriate remedy for a violation of the Civil Rights Act includes

> [p]ayment to the complainant of damages for an injury caused by the discriminatory or unfair practice which damages shall include *but are not limited to* actual damages, court costs and reasonable attorney fees.

Iowa Code § 601A.15(8)(a)(8) (emphasis added).

In its interpretation of this section, the district court noted that the Iowa State Civil Rights Commission has held that a plaintiff is entitled to recover damages for mental anguish resulting from a defendant's discriminatory conduct. Although the court observed that the commission's decision was not controlling, it found commission's determination persuasive. Accordingly, it interpreted Iowa's Civil Rights Act to allow damages for emotional distress.

"A district court's ruling on an uncertain question of the law of the state in which it sits is entitled to great deference." *Stoetzel v. Continental Textile Corporation of America,* 768 F.2d 217, 223 (8th Cir.1985). We conclude that the district court's interpretation to allow damages for emotional distress under the Iowa Civil Rights Act was not unreasonable, particularly in light of the broad language of the statute allowing damages for violations of the Act.

■ We cannot, however, uphold the district court's enhancement of the attorneys' fee award. This was not a particularly complex case. It involved facts and issues generally found in any age discrimination case.

The trial court apparently based the enhancement on the contingent nature of the case, and the fact that Ridenour's attorney spent long hours on the case with no guarantee that he would receive any fees. The district court's reasons for enhancing the fee "involve factors normally considered in determining the basic fee. They are not sufficient in the circumstances of this case to provide an independent basis for enhancing the lodestar amount." *Easley v. Anheuser-Busch, Inc.,* 758 F.2d 251, 264–65 (8th Cir.1985) (footnote omitted) (citing *Blum,* 104 S.Ct. at 1548–50 (1984)).

Accordingly, we affirm the district court's denial of Montgomery Ward's motion for judgment n.o.v. We reduce the attorney fee award by the amount of the enhancement, $3,481.25.