**John CLEMENTS, Plaintiff,**

**v.**

**GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Defendant.**

**No. 83–2630C(6).**

United States District Court, E.D. Missouri, E.D.

April 8, 1986.

David O. Danis, Danis, Reid, Murphy, Garvin, Tobben, Schreiber & Mohan, St. Louis, Mo., for plaintiff.

David J. Rauscher, Hirsch & Rauscher, St. Louis, Mo., John B. Lewis, Arter & Hadden, Cleveland, Ohio, for defendant.

**MEMORANDUM**

GUNN, District Judge.

This case is before the Court on defendant's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.

Plaintiff John Clements brought this court action, alleging discrimination on account of age in his discharge from the employ of defendant Central Accident Insurance Company of America (CAI) in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* (1985). Plaintiff had worked as an insurance marketing representative for CAI from April 22, 1975 until February 7, 1983, and was 55 years old at the time of his termination.

At the close of the evidence, the Court denied defendant's motions for directed verdict submitted both at the close of plaintiff's evidence and at the conclusion of trial. The case was then submitted to the jury which returned a verdict of $136,-446.00 against defendant. Because the Court concludes, upon review of the standard of proof placed on plaintiff in an ADEA case and examination of the evidence adduced at trial, that the jury's verdict was based on insufficient evidence, the Court now grants defendant's motion for judgment n.o.v.

In *Bell v. Gas Service Co.,* 778 F.2d 512 (8th Cir.1985), an ADEA jury case in which the plaintiff prevailed, the Eighth Circuit Court of Appeals emphasized the proper standard to be applied in ruling on a motion for judgment *non obstante veredicto:* The Court is required to view the evidence adduced in the light most favorable to the nonmoving party. *Halsell v. Kimberly-Clark Corp.,* 683 F.2d 285, 295 (8th Cir. 1982), *cert. denied,* 459 U.S. 1205, 103 S.Ct. 1194, 75 L.Ed.2d 438 (1983). The Court should grant the motion "only when all the evidence points one way and is susceptible of no reasonable inferences sustaining the

position of the nonmoving party." *Bell, supra,* at 514, citing *Dace v. ACF Industries, Inc.,* 722 F.2d 374, 375 (8th Cir.1983). *See generally* 9 Wright & Miller *Federal Practice & Procedure* § 2524 (1985).

The evidentiary burdens in an ADEA case track those that have developed under Title VII. *Holley v. Sanyo Mfg., Inc.,* 771 F.2d 1161, 1164 (8th Cir.1985). Plaintiff at the outset must make out a prima facie case by showing 1) that he is within the statutorily protected age group; 2) that his performance met the legitimate expectations of his employer; 3) that he was terminated from employment; and 4) that after his discharge his employer sought to replace him. *Bell, supra,* at 515. If plaintiff establishes a prima facie case, defendant has the burden of articulating a legitimate, nondiscriminatory reason for plaintiff's discharge. Once defendant has offered such a reason, the burden shifts back to plaintiff to prove by a preponderance of the evidence that the reason articulated by defendant was not the true reason for plaintiff's discharge, but was a pretext for discrimination. *Id.* It should be noted that defendant's burden in offering a nondiscriminatory reason for the discharge never becomes more than a burden of production. The burden of proof remains with plaintiff throughout an ADEA case, and the ultimate showing that plaintiff must make is that age was a determining factor in his discharge. *Id.,* citing *Tribble v. Westinghouse Electric Corp.,* 669 F.2d 1193, 1196 (8th Cir.1982), *cert. denied,* 460 U.S. 1080, 103 S.Ct. 1767, 76 L.Ed.2d 342 (1983); *Cleverly v. Western Electric Co.,* 594 F.2d 638, 641 (8th Cir.1979); *Cova v. Coca-Cola Bottling Co. of St. Louis,* 574 F.2d 958, 960 (8th Cir.1978).

Defendant in this case makes two arguments in support of its motion. First, it argues that plaintiff failed to make out a prima facie case. In support of this argument defendant suggests that plaintiff never proved that he was performing at the legitimate expectation level of his employer. Second, defendant argues that even if plaintiff established those elements necessary to support his prima facie case, he failed to satisfy the ultimate burden of proving that age played a role in defendant's determination to discharge him.

■ Since this case proceeded through a full trial on the merits, this Court will not now evaluate the strength of plaintiff's prima facie case, *see United States Postal Workers Board of Governors v. Aikens,* 460 U.S. 711, 713–14, 103 S.Ct. 1478, 1480–81, 75 L.Ed.2d 403 (1983). Rather, the Court will focus its discussion on the strength of plaintiff's evidence offered to prove that age was a determining factor in his discharge.

Plaintiff's testimony at trial tended to support the contention of defendant that the reason for plaintiff's discharge was his failure over time to meet the performance goals set out for him annually in conference with his immediate supervisor, Robert Deck. Plaintiff offered no evidence to show that the goals according to which he was being evaluated were set too high in order to single him out among his colleagues or that they were based on age discrimination.

Beginning in February of 1982 plaintiff was put on notice by Mr. Deck that his job performance was deficient. In March of that year, pursuant to an annual performance review, plaintiff received a written appraisal of his work on which he received a rating of 2.5 on a scale with a high rating of 5. Plaintiff acknowledged on this written report that he had failed to meet his production goals. *See* defendant's Exhibit L attached to motion for judgment n.o.v. While plaintiff and Mr. Deck apparently disagreed about the fairness of the rating plaintiff received, plaintiff himself testified that he had no idea or opinion at that time that Mr. Deck's appraisal was based upon age discrimination.

At no time while plaintiff continued in the employ of defendant CAI did he make any allegations of age discrimination. Indeed, plaintiff testified that he had no idea or opinion at any time throughout the duration of his employment that any personnel action taken with regard to him was based upon age discrimination.

Plaintiff's disclosures in his redress action before the EEOC also work against him. Although he captioned his intake questionnaire "Age discrimination & personality conflict," the narrative description plaintiff provided the agency identified a personality conflict with Mr. Deck as the improper grounds for his discharge. The thrust of plaintiff's testimony was to establish that he and Mr. Deck failed to develop a satisfactory working relationship. Upon review of that testimony, however, the Court concludes that it fails to support a finding of age discrimination as a determining factor in Mr. Deck's decision to terminate plaintiff.

In addition to the testimony related above concerning his own employment with CAI, plaintiff testified that in 1980 he recommended a prospective applicant who fell within the ADEA protected class for an underwriter's position. Plaintiff testified that Mr. Deck responded to his recommendation by stating that the applicant was "too much of a heavy for us" and that he preferred someone younger. While reasonable minds might draw the inference from this testimony that defendant discriminated on the basis of age, workforce statistics proffered by defendant rebut such an inference. Plaintiff did not dispute that in the time period from 1976 to 1983 defendant hired nine individuals in the protected age group, *see* defendant's Exhibit X, none of whom had been involuntarily discharged at the time of trial, *see* defendant's Exhibit U. The Court concludes that plaintiff's testimony concerning defendant's hiring practices was insufficient to support a finding of age discrimination by defendant.

Plaintiff called Elda Winder as a witness in his case. Ms. Winder, a clerical employee of CAI, testified that Mr. Deck had told her that older employees did not perform well on the Wonderlic Aptitude Test and that he preferred to hire younger employees. While this testimony might be regarded as direct evidence of intent to discriminate, the evidence established that the Wonderlic test was only administered to clerical employees and not to marketing representatives. The Court therefore concludes that this testimony of Ms. Winder does not tend to establish any discriminatory motive on the part of Mr. Deck with regard to his decision to terminate plaintiff in this case.

The evidence proffered by defendant taken together with plaintiff's testimonial admissions that he never regarded the personnel actions taken against him as having been motivated by age discrimination tends overwhelmingly to establish that plaintiff's job performance did not meet the production goals set out for him and that severe personality conflicts persisted between him and Mr. Deck. It may be that the latter underlay the final decision to terminate plaintiff's employment. If this were to be determined to be the case, plaintiff might be deemed to have successfully proven that the reason articulated by defendant for his discharge was a pretext. Such proof, however, does not satisfy plaintiff's burden in this case. In order to prevail under the ADEA, plaintiff was obliged to prove that defendant's reason was a pretext *for discrimination, Bell, supra,* at 515 (emphasis added), citing *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). This Court concludes that plaintiff in this case has failed to meet his ultimate burden of proving that age was a determining factor in his discharge. Accordingly, defendant is entitled to judgment notwithstanding the verdict.

### ORDER

Pursuant to the memorandum filed herein on this date,

**IT IS HEREBY ORDERED** that the motion of defendant General Accident Insurance Company of America for judgment notwithstanding the verdict be and is granted.

In light of this holding,

**IT IS FURTHER ORDERED** that defendant's motion in the alternative for a new trial be and is denied.

**IT IS FURTHER ORDERED** that the motion of plaintiff John Clements to alter or amend the judgment be and is denied.