844 F.2d 506
 25 Fed. R. Evid. Serv. 361, Prod.Liab.Rep.(CCH)P 11,742
Kimberly A. BASTOW, Appellant,
v.
GENERAL MOTORS CORPORATION, a Delaware Corporation; and
Johnson Chevrolet, Buick, Pontiac, Inc., an Iowa
Corporation, Appellees.
Kimberly A. BASTOW, Appellee,
v.
GENERAL MOTORS CORPORATION, a Delaware Corporation, Appellant,
and
Johnson Chevrolet, Buick, Pontiac, Inc., an Iowa Corporation.
Kimberly A. BASTOW, Appellee,
v.
GENERAL MOTORS CORPORATION, a Delaware Corporation,
and
Johnson Chevrolet, Buick, Pontiac, Inc., an Iowa
Corporation, Appellant.
 Nos. 87-1338, 87-1386 and 87-1387.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 17, 1987.
Decided April 8, 1988.
 
 1
 Mark H. Goodrich, Des Moines, Iowa, for appellant.
 
 
 2
 Robert L. Fanter, Des Moines, Iowa, for appellees.
 
 
 3
 Before ARNOLD and FAGG, Circuit Judges, and LARSON,* Senior District Judge.
 
 
 4
 LARSON, Senior District Judge.
 
 
 5
 Plaintiff Kimberly Bastow appeals from the district court's judgment in favor of defendants General Motors Corporation and Johnson Chevrolet, Buick, Pontiac, Incorporated. Plaintiff brought this diversity action, alleging the parking brake system in her new 1982 model Chevrolet Citation X-Car was defective and unreasonably dangerous because (1) the brake light went "on" even when the brake was not effectively applied and there was no warning to this effect; (2) the vehicle rolled more easily backward than forward with the parking brake applied and again there was no warning about this; and (3) the brake was not adjusted to the specifications contained in the General Motors shop manual. Defendants contended at trial that Bastow's failure to use the brake--not the defects she alleged--caused the injuries she suffered when her vehicle rolled backward over her.
 
 
 6
 The case was submitted to a jury on theories of strict liability and express warranty. The jury found for defendants on plaintiff's express warranty claim but could not agree on strict liability. The district court entered judgment against plaintiff on her express warranty claim and neither party has appealed from this aspect of the court's judgment.
 
 
 7
 The court declared a mistrial on plaintiff's strict liability claim, subsequently granting defendants' renewed motion for a directed verdict on the ground that plaintiff had failed to "meet her burden of proving that her theory of what caused the accident resulting in her injuries was more probable than any other theory based on the evidence presented at trial." Plaintiff has appealed, alleging she submitted sufficient evidence of causation to have her strict liability claim decided by a jury. Defendants have cross-appealed, arguing the district court erred in excluding certain expert testimony relating to plaintiff's character for truthfulness. We affirm the exclusion of expert testimony but reverse the district court's decision granting defendants' renewed directed verdict motion.
 
 I. DISCUSSION
 A. Strict Liability
 
 8
 According to the trial court's instructions, plaintiff had the burden of proving the following essential elements of a strict liability claim under Iowa law: (1) the defendants sold or distributed the subject vehicle; (2) the defendants were engaged in the business of selling or distributing the subject vehicle; (3) the parking brake system in the subject vehicle was in a defective condition; (4) the defective condition was unreasonably dangerous; (5) plaintiff used the vehicle in the intended manner or in a reasonably foreseeable manner; (6) the vehicle had undergone no substantial change since leaving defendants' possession; and (7) the defect was a proximate cause of the personal injuries and damages suffered by the plaintiff. See Osborn v. Massey-Ferguson, Inc., 290 N.W.2d 893, 901 (Iowa 1980). There was no dispute as to elements (1), (2), and (6); the contested issues at trial involved whether the parking brake system was defective and whether any alleged defect was a proximate cause of plaintiff's injury. The issue on appeal is whether plaintiff presented sufficient evidence of proximate cause to overcome defendants' motion for a directed verdict.
 
 1. Standard of Review
 
 9
 In ruling plaintiff had failed to present sufficient evidence of causation, the district court applied a test derived from Iowa law concerning the quantum of circumstantial evidence necessary to establish an issue of fact. The court ruled plaintiff must prove her theory was "more probable than any other theory based on the evidence presented at trial," and defendants emphasize this standard on appeal.
 
 
 10
 This Court has often stated the proper standard for reviewing motions for directed verdicts. In Grogg v. Missouri Pacific Railroad Co., 841 F.2d 210, 211-12, (8th Cir.1988), we summarized this standard as follows:
 
 
 11
 Our standard of review of the grant of a directed verdict is the same as the standard applied by the district court in the first instance. Smith v. Monsanto Chem. Co., 770 F.2d 719, 722 (8th Cir.1985), cert. denied, 475 U.S. 1050 [106 S.Ct. 1273, 89 L.Ed.2d 581] (1986). Under this standard, we assume the evidence supporting [plaintiff's] position is true, and we give her the benefit of all inferences reasonably drawn from that evidence. See id. Viewed in this way, the district court correctly took the issue from the jury only if " 'all the evidence points one way and is susceptible of no reasonable inferences sustaining [plaintiff's] position.' " Dale v. Janklow, 828 F.2d 481, 484 (8th Cir.1987) (quoting Bell v. Gas Serv. Co., 778 F.2d 512, 514 (8th Cir.1985)). Unlike other rulings by the district court, the "grant of a directed verdict is not accorded the usual presumption in favor of correctness." Id.
 
 
 12
 In analyzing the sufficiency of evidence to support a jury verdict in a diversity case, this Court has generally applied the appropriate state sufficiency standard where the issue has not been raised by the parties and the state and federal standards are similar. Carper v. State Farm Mutual Insurance Co., 758 F.2d 337, 340 (8th Cir.1985) (and cases cited therein).
 
 
 13
 We have previously held that the Iowa and federal standards for reviewing motions for directed verdict and for determining the sufficiency of circumstantial evidence are substantially the same. Id.; McKnelly v. Sperry Corp., 642 F.2d 1101, 1105 (8th Cir.1981); Ford Motor Co. v. Mondragon, 271 F.2d 342, 345 (8th Cir.1959). Neither party in this case argues to the contrary, and both defendants and the district court appear to rely primarily on Iowa's rule concerning the evaluation of circumstantial evidence in determining the sufficiency of the evidence. Accordingly, we begin our analysis with an examination of Iowa law.
 
 
 14
 Under Iowa law, "[i]n considering the propriety of a motion for a directed verdict the court views the evidence in the light most favorable to the party against whom the motion was made." Carper, 758 F.2d at 340, citing Osborn v. Massey-Ferguson, Inc., 290 N.W.2d 893, 901 (Iowa 1980). "Even when the facts are not in dispute or contradicted, if reasonable minds might draw different inferences from them a jury question is engendered." Carper, 758 F.2d at 340; Osborn, 290 N.W.2d at 901. See Schermer v. Muller, 380 N.W.2d 684, 687 (Iowa 1986).
 
 
 15
 Questions of proximate cause generally are for the jury; "it is only in exceptional cases that they can be decided as a matter of law." Bandstra v. International Harvester Co., 367 N.W.2d 282, 285 (Iowa App.1985). See Schermer, 380 N.W.2d at 687; Iowa R.App.P. 14(f)(10). Issues of proximate cause may be established by circumstantial as well as direct evidence. Kleve v. General Motors Corp., 210 N.W.2d 568, 571 (Iowa 1973), modified on other grounds, Hughes v. Magic Chef, Inc., 288 N.W.2d 542 (Iowa 1980).
 
 
 16
 Plaintiff's evidence in this case is circumstantial. Prior to 1980, Iowa Rules of Appellate Procedure applicable in civil cases provided that if a party sought to prove his or her theory of the case by circumstantial evidence, such evidence "must be such as to make the theory reasonably probable, not merely possible, and more probable than any other theory based on such evidence." Osborn, 290 N.W.2d at 901, citing Iowa R.App.P. 14(f)(16). Nonetheless, it was "[g]enerally ... for the jury or other trier of fact to say whether circumstantial evidence [met] this test." Id.; Oak Leaf Country Club, Inc. v. Wilson, 257 N.W.2d 739, 746 (Iowa 1977); Kleve, 210 N.W.2d at 572.
 
 
 17
 In 1980, Rule 14(f)(16) was amended to state simply that "[d]irect and circumstantial evidence are equally probative." Iowa R.App.P. 14(f)(16) (amended by S.Ct. Report of July 24, 1980, effective Aug. 1, 1980).[1] The Iowa Supreme Court has subsequently recognized and applied this rule in several more recent cases. Schermer v. Muller, 380 N.W.2d 684, 687 (Iowa 1986) (reversing grant of summary judgment, stating "[d]irect and circumstantial evidence are equally probative"); Beck v. Fleener, 376 N.W.2d 594, 597 (Iowa 1985) (noting "we no longer distinguish between the probative value of direct and circumstantial evidence"); Harsha v. State Savings Bank, 346 N.W.2d 791, 800 (Iowa 1984) ("[c]ircumstantial and direct evidence are equally probative ... the substantial evidence rule requires that the circumstances have sufficient probative force to constitute the basis for a legal inference, and not for mere speculation ...").
 
 
 18
 Defendants' reliance on the "more probable than any other theory" standard thus may be misplaced. Even assuming such a standard applied,[2] however, we do not believe the evidence in this case presents the "exceptional" situation in which proximate cause may be decided as a matter of law.
 
 2. Plaintiff's Evidence of Causation
 
 19
 Our review of the evidence presented at trial convinces us the district court erred in granting defendants' renewed directed verdict motion on plaintiff's strict liability claim. Plaintiff unequivocally testified she applied the parking brake and then assured herself it was on by verifying the car was not rolling and by noting the "brake on" dashboard light was illuminated. Plaintiff's mother testified she released the brake an hour or two after the accident while trying to locate the release lever for the ignition key.
 
 
 20
 Defendant General Motors admitted the "brake on" light in the subject vehicle would illuminate even when the parking brake was not effectively engaged. No warning was given to consumers that the "brake on" light bore no relationship to effective parking brake application, yet even some of defendant Johnson's mechanics believed there was such a relationship. In fact, the "brake on" light in plaintiff's car illuminated even before the first "click" of brake pedal travel.
 
 
 21
 Plaintiff's expert witness testified the brakes were not adjusted in conformance with General Motors shop manual standards when tested by him in the location where the vehicle came to rest and before it was moved after the accident, such that the brake pedal had to travel farther in order to achieve effective engagement. All experts agreed the vehicle could roll backward at 3 to 4 "clicks" of parking brake application in the driveway where the accident occurred, and it was undisputed the vehicle would roll backward more easily than forward, although no warnings were given of this fact.
 
 
 22
 Defendants urge the above evidence of defects is insufficient because in order for these defects to have caused the accident, the brake pedal must have been depressed only part of the way (3 or 4 of 19 or 20 "clicks"). In other words, if depressed more than 5 clicks, the brake would have held, despite the defects. Defendants further cite what they view as "inconsistent" testimony by plaintiff that she depressed the brake pedal "as hard as she could."
 
 
 23
 Defendants' argument ignores the evidence presented by plaintiff concerning the brake pedal design, however, and the effect that pushing by persons of various weights at various angles may have on brake effectiveness. Viewing all of the evidence in the light most favorable to plaintiff, as we must, a jury could reasonably find plaintiff depressed the pedal "as hard as she could," the "brake on" light was illuminated, and the car nonetheless rolled backward over her. See Osborn v. Massey-Ferguson, Inc., 290 N.W.2d 893, 901-02 (Iowa 1980); Oak Leaf Country Club, Inc. v. Wilson, 257 N.W.2d 739, 746-47 (Iowa 1977); Hawkeye-Security Insurance Co. v. Ford Motor Co., 174 N.W.2d 672, 676-78 (Iowa 1970).
 
 
 24
 Defendants cite other evidence which tends to support their theory of causation, but it is not for us to decide whether defendants' or plaintiff's evidence is more persuasive. It is for the jury. See Schermer v. Muller, 380 N.W.2d 684, 688 (Iowa 1986); State Farm Mutual Automobile Insurance Co. v. Anderson-Weber, Inc., 252 Iowa 1289, 110 N.W.2d 449, 456 (1961); Bandstra v. International Harvester, Inc., 367 N.W.2d 282, 286-87 (Iowa App.1985).
 
 
 25
 The authorities cited by defendants either support this conclusion or are clearly distinguishable from the facts in this case.[3] The district court's decision granting defendants' renewed directed verdict motion must, therefore, be reversed.
 
 B. Expert Testimony
 
 26
 Because we reverse and remand the district court's judgment in favor of defendants on plaintiff's strict liability claim, we must also consider defendants' contention that the district court erred in excluding certain expert testimony offered by defendants at trial. Defendants sought to introduce the testimony of Dr. William McMordie, a clinical psychologist, under Rule 608(a)(1) of the Federal Rules of Evidence.
 
 Rule 608(a)(1) provides in relevant part:
 
 27
 The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness....
 
 
 28
 Fed.R.Evid. 608(a)(1). Defendants submit McMordie should have been allowed to offer his opinion that plaintiff had an antisocial behavior disorder and hence a character for untruthfulness. Plaintiff contends the district court properly excluded the evidence under Fed.R.Evid. 403.[4]
 
 
 29
 The decision whether to permit expert testimony ordinarily lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. United States v. Azure, 801 F.2d 336, 340 (8th Cir.1986) (and cases cited therein). In excluding the proffered testimony in this case, the district court cited United States v. Barnard, 490 F.2d 907, 912-13 (9th Cir.1973), cert. denied, 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974), in which the Ninth Circuit held:
 
 
 30
 Credibility ... is for the jury--the jury is the lie detector in the courtroom.... It is now suggested that psychiatrists and psychologists have more [expertise in weighing the veracity of a witness] than either judges or juries, and that their opinions can be of value in determining [credibility]. Perhaps. The effect of receiving such testimony, however, may cause juries to surrender their own common sense in weighing testimony; second, it may produce a trial within a trial of what is a collateral but important matter.
 
 
 31
 See also United States v. Azure, 801 F.2d at 340. We agree with this analysis and with the district court's exclusion of expert testimony on plaintiff's character for untruthfulness in this case. The district court's decision on this issue is, therefore, affirmed.
 
 II. CONCLUSION
 
 32
 For all of the foregoing reasons, the judgment of the district court excluding defendants' proposed expert witness testimony is affirmed, but the grant of defendants' renewed motion for a directed verdict on plaintiff's strict liability claim is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.
 
 
 
 *
 The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Supreme Court had previously abandoned any distinction between direct and circumstantial evidence in criminal cases, holding in State v. O'Connell, 275 N.W.2d 197, 205 (Iowa 1979), "[f]or purposes of proving guilt beyond a reasonable doubt, direct and circumstantial evidence are equally probative."
 
 
 [2]
 The rule may have some continuing validity, since it has been cited in several appeals court decisions. See, e.g., Bandstra v. International Harvester Co., 367 N.W.2d 282, 287 (Iowa App.1985). We note that in any case, plaintiff's evidence must be such as would remove her claim from the realm of "surmise, speculation or conjecture." Harsha v. State Savings Bank, 346 N.W.2d 791, 800 (Iowa 1984)
 
 
 [3]
 Defendants cite only three cases in which directed verdicts have been sustained. In Ford Motor Co. v. Mondragon, 271 F.2d 342 (8th Cir.1959), plaintiffs alleged a defective braking system caused a collision, yet failed to produce substantial evidence that the brakes were applied prior to the accident or that any alleged defect in the brake system existed at the time of the accident. Under these circumstances, a jury finding in favor of plaintiffs could only be the result of "guess work or speculation." Id. at 348. Similarly, in both Northwestern National Insurance Co. v. Raid Quarries Corp., 249 N.W.2d 640, 643 (Iowa 1977), and Wernimont v. International Harvester Corp., 309 N.W.2d 137, 142-43 (Iowa App.1981), plaintiff presented no evidence of liability other than the occurrence of an accident and the extent of plaintiff's injuries. Thus, as the Wernimont court observed, the jury was left to impose liability "solely upon its personal whim and caprice." 309 N.W.2d at 142
 
 
 [4]
 Rule 403 provides:
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.
 Fed.R.Evid. 403.