PHILIP H. FRIEDMAN AND ANNA FRIEDMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Friedman v. Commissioner
Docket No. 7359-90
United States Tax Court
T.C. Memo 1992-89; 1992 Tax Ct. Memo LEXIS 96; 63 T.C.M. (CCH) 2058; T.C.M. (RIA) 92089; February 12, 1992, Filed *96 R hired G, a psychiatrist, as an expert to determine whether P husband was a compulsive gambler and whether P wife was aware of P husband's gambling compulsion. P's were interviewed and given various tests by G. G concluded that P husband was a compulsive gambler. G also found that P wife was aware of P husband's compulsion. In so finding, G relied upon certain test results which tended to show "psychopathic deviation". P's hired A, who professed expertise in compulsive gambling. Both G and A prepared expert reports and each was deposed prior to trial. In a pretrial setting, P's and R moved, in limine, for the admission of their experts' reports and depositions. P's object to the portions of G's report and deposition which opine that P wife is not truthful. Held: R's expert's report and testimony, if offered, will not be relied upon by the Court as to whether P wife is a truthful witness. Jay J. Freireich, for petitioners. Susan G. Lewis and Guy G. Lavignera, for respondent. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: In a pretrial setting both parties moved for the admission of their expert witnesses' report and deposition. The Court, in a telephonic *97 conference, suggested that the parties' motions were premature and should be renewed at the time of trial, whereupon petitioners suggested that their objection to respondent's expert report and deposition should be addressed in limine. Petitioners pointed out that our receipt at trial of the objectionable portions of respondent's expert's report and deposition may require petitioners to hire cross-expertise or to offer additional evidence to counter such testimony. More specifically, petitioners argue that the Court should not rely upon respondent's expert for purposes of deciding whether petitioners are truthful or credible witnesses. The opinions of the experts may bear upon the question of whether petitioner wife was an innocent spouse. Both experts opined that petitioner husband was a compulsive gambler. The Parties' Motions Seeking Admission of Expert Reports and Depositions
A. Petitioners' Expert - Petitioners' proposed expert holds himself out as a compulsive gambling counselor. Petitioners called their witness for his opinion concerning whether petitioner husband was a compulsive gambler and whether compulsive gamblers typically hide their compulsion from spouses. *98 At the deposition, petitioners' counsel, in addition to a tendered vita, developed the background and expertise of their witness. Respondent's counsel questioned the witness' expertise. After the questioning, respondent continued to object to petitioners' request that their witness be accepted as an expert. To date, respondent has not agreed that petitioners' witness qualifies as an expert. In the deposition transcript, respondent did not fully develop the specific reasons for objection, and that remains as a matter subject to further development and argument. Accordingly, we will deny petitioners' motion without prejudice. The question of whether petitioners' expert is qualified and whether to receive his report and/or deposition testimony will more appropriately be decided at trial. B. Respondent's Expert - Petitioners agreed that respondent's witness (a psychiatrist) was qualified as an expert. Respondent called his expert to opine as to whether petitioner husband was a compulsive gambler and whether petitioner wife lacked knowledge of petitioner husband's compulsion. Petitioners do not object to the parts of respondent's expert's testimony and report which support *99 his finding that petitioner husband was a compulsive gambler. Petitioners object to the portions that rely upon psychological testing to support the conclusion that petitioners are not truthful or credible witnesses. We note at the outset that the question we consider here is one of impeachment of the credibility of petitioner wife. We still consider the parties' motions to be premature on this point. Sequentially, it is too early to attempt impeachment prior to the time a witness is called to testify. Impeachment is an attack on the credibility of a witness. It is not to be used for the purpose of attacking the evidence adduced or to be adduced from a witness. See Barkley Co. v. Commissioner, 89 T.C. 66, 69 (1987). Moreover, if we permitted preemptive and anticipatory attacks on the credibility of witnesses who have not yet testified, such practices could result in needless diversions. [1]
We address *100 the question of whether we would rely upon expert testimony for purposes of assisting the parties in this and other cases in preparing for trial. We will inevitably reach this question here because the parties have listed petitioner wife as a prospective witness. Moreover, a basic requirement of the innocent spouse statute requires an examination of the knowledge of the spouse seeking relief. See section 6013(e)(1)(C), Internal Revenue Code, requiring that the innocent spouse show "she did not know, and had no reason to know, that there was such substantial understatement". Petitioners' central argument is that expert witness opinions cannot be "determinative of vital issues or of an ultimate fact in issue." Petitioners argue that it is solely within the province of the finder of fact to decide the truthfulness or credibility of a witness. The question of whether an expert witness may render an opinion on an ultimate issue is addressed in rule 704 of the Federal Rules of Evidence. Subpart (a) of the rule, with one referenced exception, permits testimony in the form of an opinion even though it embraces an ultimate issue to be decided by the trier of fact. The exception concerns *101 criminal cases and testimony concerning the mental state of the defendant regarding an element of the crime charged. Literally, rule 704 of the Federal Rules of Evidence does not prohibit expert opinion as to the truth or credibility of another witness. Accordingly, we must consider a more fundamental question -- whether expert opinion is useful or helpful to the finder of fact in the factual setting of this case. For purposes of our consideration, we assume that respondent's expert's method of determining a witness' propensity for truthfulness and veracity is an established and accepted methodology and may be relied upon. However, even if the expert could be relied upon, we hold that such expertise is unnecessary and not useful because finders of fact already possess, or are presumed to possess, such expertise and ability. The test relied upon by respondent's expert would not prove that witnesses are untruthful, only that they had a tendency to be untruthful, based upon their psychological test scores. Such evidence could theoretically be offered under rule 608(a)(1) of the Federal Rules of Evidence, which provides in relevant part: The credibility of a witness may be *102 attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness * * *.
The decision of whether to permit expert testimony ordinarily lies within the discretion of the trial court. Bastow v. General Motors Corp., 844 F.2d 506, 511 (8th Cir. 1988); United States v. Azure, 801 F.2d 336, 340 (8th Cir. 1986). The question of whether to permit opinion testimony of a psychiatrist as to the veracity of a particular witness has been addressed by the Court of Appeals for the Ninth Circuit in affirming the lower court's refusal to permit expert testimony, as follows: Credibility * * * is for the * * * [finder of fact, who] is the lie detector in the courtroom. * * * It is now suggested that psychiatrists and psychologists have more * * * [expertise in weighing the veracity of a witness] than either judges or juries, and that their opinions can be of value * * * in determining * * * [credibility]. Perhaps. The effect of receiving such testimony, however, may be two-fold: first, it may cause juries to surrender their own *103 common sense in weighing testimony; second, it may produce a trial within a trial on what is a collateral but still an important matter. * * *
United States v. Barnard, 490 F.2d 907, 912 (9th Cir. 1973), cert. denied 416 U.S. 959 (1974); Bastow v. General Motors Corp., supra at 511; United States v. Azure, supra at 340. We hold that in the setting of this case expert opinion as to the truthfulness of a witness would be unnecessary because the finder of fact does not need such expert assistance to make that determination. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. See McElhaney, "An Impeachment Checklist", 78 A.B.A. J. 62↩ (Jan. 1992).