Carol **KONTZ**, Appellant,

v.

**K–MART CORPORATION**, Appellee.

No. 82–2025.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1983.

Decided Aug. 3, 1983.

---

1. A charge which was specifically denied by   the FBI agents.

James E. Hullverson, Jr., St. Louis, Mo., for appellant.

Anthony F. Vaiana, Clayton, Mo., for appellee.

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

In this diversity case Carol Kontz appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri upon a jury verdict in favor of K-Mart Corporation. For reversal appellant argues that the district court committed several substantial trial errors. We affirm.

In the spring of 1980 appellant bought a folding vinyl lounge chair from appellee, a retail department store. No instructions or warnings accompanied the sale of the chair. Throughout the summer of 1980 appellant and other family members used the chair without incident. Appellant stored the chair in her basement during the winter.

On May 15, 1981, appellant retrieved the chair from storage and unfolded it in her backyard. Appellant testified that she opened the chair legs until the legs "looked and felt secure." Appellant also testified that she pressed down upon the chair to make certain it was secure before sitting on it. Over the next several hours, appellant got on and off the chair without incident. Appellant, however, testified that at some point the chair collapsed while she was sitting on it and she fell to the ground. Appellant was taken to the hospital and diagnosed as having a fractured sacrum.

1. The Honorable John K. Regan, United States Senior District Judge for the Eastern District of Missouri.

Appellant thereafter brought this personal injury suit on a strict liability in tort theory. Appellant alleged that the chair had an unreasonably dangerous design and had been sold without adequate warning.

Appellant's expert witness testified that the lounge chair had an unreasonably dangerous design because the leg-locking mechanism created an impression of a "false lock." According to the expert, the legs appeared to be locked in a secure position when the legs were not fully opened. Appellee's expert testified that he found no defect in the chair's design.

■ Appellant sought to introduce a lounge chair purchased in 1982 from a competing department store as evidence of a comparable design. The trial court sustained appellee's objection to the admission of the competitor's chair on the ground of relevancy. In *Hoppe v. Midwest Conveyor Co.*, 485 F.2d 1196, 1202 (8th Cir.1973), we found evidence of comparative design relevant in a products liability case involving a "highly complicated piece of machinery." This case involving a folding lawn chair is clearly distinguishable from *Hoppe*. "In ruling on the admissibility of evidence, the trial court has a wide area of discretion.... The trial judge is in a position to weigh the exigencies of a particular case, and his discretion when expressed within the proper limits will not be disturbed." *Simpson v. Norwesco, Inc.*, 583 F.2d 1007, 1013 (8th Cir.1978) (citations omitted). Here, we find no abuse of discretion.

■ Likewise, we find no abuse of discretion in the trial court's exclusion of the results of a Consumer Products Safety Commission Study purportedly revealing approximately 8,000 injuries a year from folding or beach chairs, especially in the absence of proof of similarity of circumstances. We also find no abuse of discretion in the trial court's refusal to allow plaintiff's counsel to reread a portion of appellant's hospital records indicating that appellant sustained injury as a result of a collapsing lawn chair. The court ruled the evidence would be cumulative because the evidence had already been introduced.

■ Appellant also asserts that the trial court erred in failing to give her requested "failure-to-warn" instruction. Although the record is somewhat unclear whether appellant preserved this issue for appeal, assuming without deciding that the issue was preserved, we find no error in the trial court's refusal to give the instruction. In Missouri a supplier of a product is under a duty to warn if the supplier knows, or should know, that the product is likely to be dangerous when put to its anticipated use and that the user of the product will not realize the dangerous condition, *Griggs v. Firestone Tire and Rubber Co.*, 513 F.2d 851, 856–57 (8th Cir.), *cert. denied*, 423 U.S. 865, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975) (applying Missouri law), or if the product is "unavoidably unsafe," *Racer v. Utterman*, 629 S.W.2d 387, 391 (Mo.1981), *cert. denied*, —— U.S. ——, 103 S.Ct. 26, 74 L.Ed.2d 42 (1982). Here, there is no evidence to warrant submission of the requested instruction. Lawn chairs are neither latently dangerous when used as anticipated nor unavoidably unsafe.

Accordingly, the case is affirmed.[2]

---

2. We also reject appellant's challenge to the trial court's exclusion of evidence of appellee's failure to test the lounge chair prior to sale. Appellant sought to introduce the evidence to support her punitive damages claim. In Missouri "[t]here can be no recovery of punitive damages if there are no actual damages." *Koenig v. Skaggs*, 400 S.W.2d 63, 68 (Mo.1966). Therefore, "[e]rror, if any, [relative to] punitive damages was not prejudicial, the jury having found for defendants on the question of liability." *Id.*