Connie M. GROGG, Appellant,

v.

MISSOURI PACIFIC RAILROAD CO., a corporation; Brant Lee Bobbitt; Coca-Cola Bottling Co. of Fort Smith, A Limited Partnership, Appellees.

No. 87–1002.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1987.

Decided Feb. 26, 1988.

Keith Queensen, Minneapolis, Minn., for appellant.

Michael G. Thompson, Little Rock, Ark., for appellees.

Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and MAGILL, Circuit Judge.

FAGG, Circuit Judge.

Connie M. Grogg brought this action under federal and state law against her employer, Missouri Pacific Railroad Co. (Missouri Pacific), Coca–Cola Bottling Co. of Fort Smith (Coca–Cola), and one of Coca–Cola's employees, Brant Lee Bobbitt, in connection with two railroad accidents in which Grogg was injured. In the first accident on February 24, 1984, Grogg was an engineer on a Missouri Pacific train that collided at a crossing in Sallisaw, Oklahoma, with a Coca–Cola semitrailer truck driven by Bobbitt. The second accident took place on March 6, 1984, when the train on which Grogg was an engineer went into an emergency stop near Cooksen, Oklahoma, because an air brake hose had separated from one of the cars on the train.

The district court directed a verdict in favor of Missouri Pacific on one of Grogg's claims related to the brake accident. The claim was brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60, and was based on an asserted violation of the Federal Safety Appliance Acts (FSAA), 45 U.S.C. §§ 1–16. The jury rendered a verdict in favor of each of the defendants on Grogg's remaining claims. We affirm in part, reverse in part, and remand for a trial on Grogg's FSAA-based claim.

Grogg first argues the district court committed error in directing a verdict against her on the FSAA claim. Our standard of review of the grant of a directed

verdict is the same as the standard applied by the district court in the first instance. *Smith v. Monsanto Chem. Co.*, 770 F.2d 719, 722 (8th Cir.1985), *cert. denied*, 475 U.S. 1050, 106 S.Ct. 1273, 89 L.Ed.2d 581 (1986). Under this standard, we assume the evidence supporting Grogg's position is true, and we give her the benefit of all inferences reasonably drawn from that evidence. *See id.* Viewed in this way, the district court correctly took the issue from the jury only if " 'all the evidence points one way and is susceptible of no reasonable inferences sustaining [Grogg's] position.' " *Dale v. Janklow*, 828 F.2d 481, 484 (8th Cir.1987) (quoting *Bell v. Gas Serv. Co.*, 778 F.2d 512, 514 (8th Cir.1985)). Unlike other rulings by the district court, the "grant of a directed verdict is not accorded the usual presumption in favor of correctness." *Id.*

■ The FSAA do not by their terms confer a right of action on injured parties. *See Urie v. Thompson*, 337 U.S. 163, 188, 69 S.Ct. 1018, 1033, 93 L.Ed. 1282 (1949). Rather, if Grogg proves a violation of the FSAA, she may recover under the FELA without further proof of negligence by Missouri Pacific. *See id.* at 189, 69 S.Ct. at 1034. "In short, the [FSAA] provide the basis for the claim, and the FELA provides the remedy." *Beissel v. Pittsburgh & Lake Erie R.R.*, 801 F.2d 143, 145 (3d Cir. 1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1296, 94 L.Ed.2d 152 (1987).

The FSAA impose absolute duties on railroads to provide required safety equipment on their trains, *id.*, including safe power braking systems, *see, e.g.*, 45 U.S.C. §§ 1, 3, 9. This "requirement that a train shall be equipped with power brakes necessarily contemplates that they shall be maintained for use." *Fairport, Painesville & E.R.R. v. Meredith*, 292 U.S. 589, 593, 54 S.Ct. 826, 827, 78 L.Ed. 1446 (1934). Grogg's FSAA claim is based on her contention Missouri Pacific violated the FSAA by failing to equip its train with brake equipment that was maintained in safe and operative condition. The district court directed a verdict for Missouri Pacific on this claim after

concluding Grogg "must show a defect" in the air hose that caused the brake accident.

■ To recover for a violation of the FSAA Grogg had to show: (1) the statute was violated; and (2) the violation was "a causative factor contributing in whole or in part to the accident" that caused her injuries. *Beimert v. Burlington N., Inc.*, 726 F.2d 412, 414–15 (8th Cir.) (per curiam) (footnote omitted), *cert. denied*, 467 U.S. 1216, 104 S.Ct. 2659, 81 L.Ed.2d 365 (1984). She was not required to prove Missouri Pacific was negligent, *Coleman v. Burlington N., Inc.*, 681 F.2d 542, 544 (8th Cir.1982), or that a specific air brake hose was defective, *see id.* (citing *Carter v. Atlanta & St. Andrews Bay Ry.*, 338 U.S. 430, 434, 70 S.Ct. 226, 229, 94 L.Ed. 236 (1949)); *see also Maldonado v. Missouri Pac. Ry.*, 798 F.2d 764, 767 (5th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1571, 94 L.Ed.2d 762 (1987). To prove the equipment on Missouri Pacific's train was in violation of the FSAA, Grogg could show either evidence of

"some particular defect, or the same inefficiency may be established by showing a failure to function, when operated with due care, in the normal, natural, and usual manner."

"Proof of an actual break or visible defect * * * is not a prerequisite to a finding that the statute has been violated. Where a jury finds that there is a violation, it will be sustained, if there is proof that the mechanism failed to work efficiently and properly * * *. The test in fact is the performance of the appliance."

*Myers v. Reading Co.*, 331 U.S. 477, 483, 67 S.Ct. 1334, 1338, 91 L.Ed. 1615 (1947) (quoted citations omitted).

■ Grogg's attack on the directed verdict is based on her contention that because she needed to show only that the equipment failed to work properly in the instance that resulted in her injury, rather than the existence of a specific defect, the proof she offered entitled her to a jury submission on the FSAA claim. In support of Grogg's position, the record shows the train braked unexpectedly when an air hose

failed to remain attached to its train car, causing the air braking system suddenly to lose pressure and go into an emergency stop. Although the cause of the air hose failure was not conclusively shown and the missing hose was never examined or produced at trial, this hose was designed under normal operating conditions to remain attached in order to maintain sufficient air pressure for the train to be slowed or stopped on command. The head brakeman testified that "when we walked the train [after the emergency stop] we found an air hose had been busted. * * * It had been torn completely off the car." Based on his experience, the brakeman concluded a piece of track, over which approximately thirty other cars had already passed without difficulty, probably caught the air hose and pulled it loose. When asked whether the air hose should "come off like that," the brakeman replied, "No, sir."

These facts would allow the jury to find the air hose failed to function "in the normal, natural, and usual manner," *Myers*, 331 U.S. at 483, 67 S.Ct. at 1338, because it separated from the car at a time when it should not have done so. Even under Missouri Pacific's highly optimistic version of the facts, an air hose that cannot safely negotiate tracks encountered during routine train operation could demonstrate a failure to perform up to FSAA standards, and "a failure of equipment to perform as required by the [FSAA] is in itself an actionable wrong." *O'Donnell v. Elgin, Joliet & E. Ry.*, 338 U.S. 384, 390, 70 S.Ct. 200, 204, 94 L.Ed. 187 (1949); *see also Affolder v. New York, Chicago & St. Louis R.R.*, 339 U.S. 96, 99, 70 S.Ct. 509, 510, 94 L.Ed. 683 (1950); *Erskine v. Consolidated Rail Corp.*, 814 F.2d 266, 270–71 (6th Cir.1987) (citing *Coray v. Southern Pac. Co.*, 335 U.S. 520, 522–23, 69 S.Ct. 275, 276, 93 L.Ed. 208 (1949)). Missouri Pacific's theories concerning more remote causes of the hose failure are theories the jury could choose to believe or not, and viewing the evidence as we must in Grogg's favor, these theories are more appropriately presented in closing argument.

Missouri Pacific does not dispute the air hose is a component of an appliance covered by the FSAA, but argues the brake system must have complied with the statute because it stopped the train when the air hose disconnected. This argument misses the point by focusing on what occurred after the air hose separated from the train car. The issue is not whether the train's braking system worked correctly after the air hose came off because "[a]n abrupt or unexpected stop due to bad brakes might be equally dangerous to employees and others as a failure to stop a train because of bad brakes." *Coray*, 335 U.S. at 522, 69 S.Ct. at 276. Rather, the question is whether the system, and in particular the air hose, performed as required by the FSAA when the air hose failed to remain in place under normal conditions, causing the train's brakes to engage in an unintended and sudden fashion.

We believe Grogg made a submissible case on whether the condition that caused the sudden braking—the missing air hose—was a violation of the FSAA, and thus, Grogg's FSAA claim should have been submitted to the jury. The district court therefore committed error in directing a verdict against Grogg, and we remand for a trial on her FSAA claim.

In an argument related to Grogg's FSAA claim, she contends the district court committed error in refusing to admit a Missouri Pacific document containing information about the train's braking system. Grogg offered the document under Federal Rule of Evidence 803(6) as a business record to show a notation had been made by Missouri Pacific employees that on the day of the brake accident an air hose was broken. The district court refused to admit the document on the ground the individual who prepared it relied on hearsay information when he filled out the document.

To the extent this issue may arise in the trial of Grogg's FSAA claim, the district court should reconsider its ruling. If both the source and recorder of the information contained in Missouri Pacific's document were acting in the regular course of Missouri Pacific's business, the multiple hearsay is excused by rule 803(6). *See*

*United States v. Baker*, 693 F.2d 183, 188 (D.C.Cir.1982); *Clark v. City of Los Angeles*, 650 F.2d 1033, 1037 (9th Cir.1981), *cert. denied*, 456 U.S. 927, 102 S.Ct. 1974, 72 L.Ed.2d 443 (1982). If the source of the information, however, was an outsider to the chain producing Missouri Pacific's business record, rule 803(6) by itself does not permit admission of the information provided by the outsider. *See Baker*, 693 F.2d at 188. In this instance, "[t]he outsider's statement must fall within another hearsay exception to be admissible." *Id.*

■ The district court did not, however, commit reversible error in this case. The existence of a broken air hose had already been disclosed in the testimony of the head brakeman, who was the same person who provided the conductor with most of the information needed to prepare the document initially. Under circumstances in which facts contained in the excluded document were shown by other evidence, any error in failing to admit the document is harmless. *See Monger v. Cessna Aircraft Co.*, 812 F.2d 402, 407 (8th Cir.1987).

Grogg also argues she was entitled to an instruction on the doctrine of *res ipsa loquitur* in connection with other claims against Missouri Pacific that were submitted to the jury. At oral argument in this court, Grogg's attorney advised us that if we hold the FSAA claim should have been submitted to the jury, the *res ipsa* argument will not be pursued. In view of our decision on the directed verdict, we need not consider the merits of this argument.

■ In addition, Grogg argues the district court should have granted her motion for new trial against all defendants for the crossing accident because the jury verdict was "against the weight of the evidence." Denial of Grogg's motion for a new trial is reviewed only for a showing of clear abuse of discretion, and denial of a new trial motion made on this ground is virtually unassailable on appeal. *See Green v. American Airlines, Inc.*, 804 F.2d 453, 454-55 (8th Cir.1986). We have reviewed the record and find ample evidence to support the jury's verdict. Hence, the district court did not abuse its discretion in failing to grant Grogg's motion.

Finally, Grogg claims she is entitled to a new trial against Missouri Pacific because the district court committed error in refusing to allow evidence of other accidents at the same Sallisaw, Oklahoma, crossing. Grogg offered this evidence to show Missouri Pacific was on notice of unsafe conditions at the crossing and failed to rectify them. The district court refused to admit the evidence after determining the other accidents were not sufficiently similar to the one in this case, and we find no abuse of discretion in that ruling. *See Hicks v. Six Flags Over Mid-America*, 821 F.2d 1311, 1315-16 (8th Cir.1987).

Accordingly, we hold Grogg's FSAA claim against Missouri Pacific involving the brake accident should have been submitted to the jury, and we remand for a trial on that claim. The remainder of the judgment in favor of Missouri Pacific, Coca-Cola, and Bobbitt is affirmed.