Notley Gwinn MADDOX, Jr., et al., Appellants,

v.

Claude PATTERSON, Jr., Appellee.

No. 89–1783EM.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1990.

Decided June 13, 1990.

William James O'Herin, St. Louis, Mo., for appellants.

Vernon R. Dawdy, Fenton, Mo., for appellee.

Before ARNOLD and BOWMAN, Circuit Judges, and HUNTER,* Senior District Judge.

ELMO B. HUNTER, Senior District Judge.

Appellants brought this wrongful death action against their deceased mother's live-in paramour, Claude "Pat" Patterson, Jr. Appellants' mother, Muriel Maddox, was a terminally ill cancer patient at the time of her death. Shortly prior to Ms. Maddox's death, she and Patterson consulted an attorney for the purpose of changing their wills. The change in Ms. Maddox's will effectuated appellants' disinheritance and left her estate to Patterson in the event he survived her. Appellants alleged that Patterson procured these changes and, after doing so, murdered Ms. Maddox by administering narcotics to her. Patterson presented no evidence, and the jury returned a verdict in his favor.

At the same time that appellants were pursuing this wrongful death claim in federal court, they were challenging the validity of the will in a Missouri state court. At trial, the district court ruled that "anything that would pertain to the will contest will not be allowed in this trial." Trial Transcript ("Tr.") Vol. I at 2. It is the exclusion of this and other evidence and certain remarks that the district court made in the presence of the jury that appellants now challenge. We conclude that the district court's remarks in the jury's presence were not prejudicial and that the evidentiary rulings do not constitute reversible error. We therefore affirm the district court's judgment.

■ A trial judge has wide discretion in ruling on the admissibility of evidence, and his decisions will not be disturbed unless there is a clear and prejudicial abuse of discretion. *Roth v. Black & Decker, U.S., Inc.,* 737 F.2d 779, 783 (8th Cir.1984);

*Kontz v. K–Mart Corp.,* 712 F.2d 1302, 1304 (8th Cir.1983); *Haynes v. American Motors Corp.,* 691 F.2d 1268, 1272 (8th Cir.1982). The exclusion of evidence in this case simply does not rise to the level of a clear and prejudicial abuse of discretion.

■ On the first morning of trial and before opening statements, the following discussion took place outside of the presence of the jury:

MR. DAWDY [appellee's counsel]: Your Honor, I think what counsel really wants to do is bring in facts about the will contest. That's in Montgomery County.

THE COURT: And that's why I think the case ought to be there. And I—I think really that is a matter for the will contest and *anything that would pertain to the will contest will not be allowed in this trial.*

Tr.Vol. I at 2 (emphasis added). There can be no doubt that *some* testimony relating to the will contest was relevant to the wrongful death action. As appellants' counsel pointed out to the trial court, "[T]here's only one motivation for doing what this guy [appellee] did and that's alleged that he wanted her money." Tr.Vol. I at 47.

After extensive review of the trial transcript, we conclude that there was sufficient testimony about the will and its consequences for both appellants and appellee. Despite the trial court's ostensibly sweeping exclusion of "anything" pertaining to the will contest, the judge allowed testimony about the existence of Ms. Maddox's will, the fact that her last will was executed just thirteen days prior to her death, the fact that appellee was the beneficiary, and the fact that the will disinherited appellants. Indeed, at trial appellants read the deposition of the attorney who prepared Ms. Maddox's last will. Tr.Vol. I at 205–215. We therefore find that the ruling was neither erroneous or affected a substantial right of appellants. *See* Fed.R.Evid. 103.

---

* The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri, sitting by designation.

We now turn to the question of whether the court effectively instructed the jury, through offhand remarks, to disregard the will testimony that was presented. Early in the first day of trial and over appellants' objection, the judge explained to the jury the reason for the frequent bench conferences which were already occurring. He said:

> Much of this relates to the probate matter, it doesn't relate to this case at all and I'm having it kept out. The probate matter is not for any of us to try, it's not for me to consider, it's not for you to consider and I'm just—that's why we're having these problems on the delays and that's a separate matter all together [sic] and that's why we're keeping it out.

Tr.Vol. I at 47–48. Several times throughout the trial, the judge cautioned the lawyers, in the jury's presence, that they were "getting into the probate matter." Finally, near the end of the trial during the cross-examination of a witness, appellee's counsel strayed into the subject of a prior will of Ms. Maddox's. On his own initiative, the judge advised counsel to steer clear of the "will contest." Tr.Vol. II at 338. Appellants' counsel hoped that this would be the opening that would permit him "to get into the will contest." Tr.Vol. II at 338. Refusing to allow either side to open up the issue, the judge told appellants' counsel in the jury's presence that he would "instruct the jury later on to disregard any reference to the will contest" made by either party. Tr.Vol. II at 338.

Appellants make much of the fact that the court excluded some "will contest" testimony on its own motion. However, it is clearly within the trial court's discretion to exclude evidence sua sponte. *Haynes v. American Motors Corp.*, 691 F.2d 1268, 1273 (8th Cir.1982). Appellants would have us conclude that the district court's comments and instructions to disregard the "will contest" were tantamount to an in-

struction that they should disregard any evidence that touched upon the will. We disagree. We do not believe the judge's comments, read in context, prevented the jury from considering the existence of the will or the fact of the disinheritance. When the judge made the remarks in the jury's presence, he consistently referred to "the probate matter" or "the will contest" —*not* the will or the disinheritance.

The jury could not have reasonably concluded that they were to disregard the will. In the first place, they were never directly instructed not to consider the will or the fact of appellants' disinheritance. Second, the jury heard adequate testimony that clearly established the existence of the will, the fact that appellee was the beneficiary, and the fact that it disinherited appellants. Even a cold reading of the trial transcript makes abundantly clear that appellee's alleged motivation was to obtain Ms. Maddox's money. While we recognize that something less than an explicit instruction to disregard all "will evidence" might have been enough to mislead the jury, the court's remarks here were not misleading. Therefore, we conclude that the trial court's comments about the "will contest" were not prejudicial.[1]

Appellants also challenge the district court's refusal to admit into evidence the deposition of Patterson and certain testimony of a nurse who visited the decedent shortly prior to her death. The district court clearly erred in refusing the admission of Patterson's deposition. The deposition of a party is available for use by an adverse party for any purpose. Fed.R. Civ.P. 32(a)(2). Nevertheless, "the exclusion of deposition evidence is harmless if the material matters covered in the deposition are covered, or could have been covered, at trial." *Crimm v. Missouri Pacific Railroad Co.*, 750 F.2d 703, 709 (8th Cir. 1984).

---

1. Our conclusion that exclusion of the "will contest" testimony was not prejudicial is buttressed by the fact that the jury also returned a verdict in Patterson's favor on the negligent wrongful death claim. All of the testimony about the will was probative only of Patterson's alleged intent to kill Ms. Maddox. Since the jury found that Patterson did not even negligently cause Ms. Maddox's death, it is highly improbable that any of the "will contest" evidence would have been enough to persuade the jury that he intentionally killed her.

The trial court allowed appellants to call Patterson as a witness and further allowed appellants to use Patterson's deposition to impeach him. Appellants failed to make any offer of proof of deposition evidence that could not have been covered with the live witness on the stand. Moreover, the district court cured the error by permitting appellants to use the deposition for impeachment purposes. We therefore conclude that the district court's refusal to allow the reading of Patterson's deposition, though erroneous, does not warrant reversal.

 Appellants' last point, that the trial court erred in not admitting portions of the medical history taken by a registered nurse shortly before Ms. Maddox's death, is without merit. The "medical history" to which appellants refer is the notes of a nurse who visited Ms. Maddox at her home for the sole purpose of catheterizing her. When the nurse arrived at the house, some unidentified person informed her that Ms. Maddox had been semi-comatose for six days. The nurse recorded this information, and it is this record which is the subject of dispute. It is not clear whether appellants are arguing that the court erred in not admitting the record or in not allowing the nurse to testify as to the contents of the

record. In either case, the district court did not err.

First, as appellee points out, the record itself was never offered into evidence. Thus, appellants cannot now complain that the district court did not admit the record into evidence.[2] Second, the trial court ruled that the testimony regarding Ms. Maddox's semicomatose state was hearsay. Tr.Vol. I at 196. If the nurse's testimony was being offered to prove that Ms. Maddox was semicomatose, then the testimony would clearly be the rankest form of hearsay.[3] Fed.R.Evid. 801.

Appellants argue that "the nurse's notes were probative as to Muriel Maddox's physical condition as portrayed to the nurse." Brief of Appellant at 12. "The history [the nurse's notes] given at the scene and offered to be proved substantiated completely appellant's theory of the case and contradicted Mr. Patterson's trial testimony.... Nurse Nagel's 'history' obtained at the scene was highly probative because it came from an objective source, was prepared close to the events described therein and was circumstantially attributable to Mr. Patterson." Reply Brief of Appellant at 4–5. Indisputably, appellants are asserting that the nurse's notes prove the truth of the matter asserted: that Ms. Maddox was in a semicomatose state for six days.

---

**2.** The district court implicitly held that the notes were hearsay. Tr.Vol. I at 187–88. Appellants argue for the first time on appeal that "[t]he record was qualified as a business record," an exception to the hearsay rule. Reply Brief of Appellant at 4; *see* Fed.R.Evid. 803(6). Appellants did not offer the document into evidence on the basis that it was a business record, though they obviously attempted to establish such a foundation during the direct examination of the nurse. Tr.Vol. I at 184, 186. However, having failed to offer the document as a business record, appellants have not preserved the point for appellate review.

**3.** At one point during direct examination of the nurse, it appears that appellants' counsel attempted to argue that the nurse's notes were not hearsay because they constituted an adoptive admission. See Fed.R.Evid. 801(d)(2)(B). Counsel stated:

> Your Honor, I'm not trying to prove these from the point of view that these facts are going to be established as a fact. What I'm trying to prove is the fact that this woman was told at the scene that certain medical

facts and physical facts were true and that nobody denied it and that this man [Patterson] was present, my clients were present and the fact that they were said is going to be connected up....

Tr.Vol. I at 196. In isolation, this statement might have been sufficient to inform the trial judge that the proffered testimony was an adoptive admission, not hearsay. Viewed in context, however, we do not believe this somewhat cryptic statement fairly apprised the court that the notes were being offered as an adoptive admission.

Counsel made the statement only after opposing counsel's fourth objection that the proffered testimony was hearsay. Having muddled the issue in his previous responses to the hearsay objections, it was appellants' counsel's responsibility to clearly state his position and explain it. Because counsel failed to articulate the argument before the district court and before this Court, that argument was neither preserved for appeal nor presented on appeal.

Offered for this purpose—which is the only purpose asserted on this appeal—the nurse's testimony was, as the district court ruled, inadmissible hearsay.

Accordingly, we affirm the judgment of the district court.