**UNITED STATES of America, Appellee,**

v.

**Janet FRANKS, Appellant.**

**No. 90–2569.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1991.
Decided July 24, 1991.

Lowell Johnson of Omaha, Neb., for appellant.

Stephen Patrick O'Meara, Asst. U.S. Atty., Omaha, Neb., for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and LARSON,* Senior District Judge.

BEAM, Circuit Judge.

Janet Franks appeals from her conviction by jury of three counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1988) and one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (1988). On appeal, Franks argues, *inter alia*, that the district court improperly admitted Federal Express records under Fed.R.Evid. 803(6) to prove that packages of cocaine were delivered to her address. We affirm.

---

* The Honorable Earl R. LARSON, Senior United States District Judge for the District of Minneso-

As part of its case against Franks, the government introduced Federal Express airbills and corresponding delivery records to prove that packages allegedly containing cocaine were delivered to her Omaha address. *See* Exhibits 15, 16, 17, 19, 70, 71, 72, 73. Lance McGlothin, the custodian of all Federal Express records kept in Memphis, Tennessee, explained company procedure for each delivery. McGlothin testified that once a Federal Express package is delivered, the airbill and delivery record, containing the signature of the person receiving the package, are sent from the originating office to Memphis, where they are microfilmed; the original records are destroyed and the microfilm maintained. McGlothin testified that the exhibits introduced were accurate microfilm copies of the records sent to Memphis. He also testified that the records were completed at the time of delivery by Federal Express employees. The district court admitted eight of the offered exhibits, but excluded two airbills for which the government could not provide corresponding delivery records. *See* Exhibits 14, 18.

■ Franks first seems to argue that because McGlothin did not identify who completed the forms, the records contain double hearsay and were not properly admitted under the business records exception. That is, because an "outsider to the chain producing [the] business record" provided information contained therein, "rule 803(6) by itself does not permit admission of the information provided by the outsider." *Grogg v. Missouri Pac. R.R.*, 841 F.2d 210, 214 (8th Cir.1988). We disagree that the Federal Express records present the sort of double-hearsay problem contemplated in *Grogg*. There, the record at issue (incidentally, not held by the court to be excludable hearsay) was a Missouri Pacific document, prepared by an employee, containing a statement that an air hose was broken on the date of an accident. We held that the information about the air hose could constitute double hearsay and would

ta, sitting by designation.

not fall within Rule 803(6) if provided to the Missouri Pacific employee by a third party. By comparison, the only similar statements in the records at issue here would be any information provided by either the sender or the recipient. The exhibits were not offered to prove receipt *by Franks*, however, but only that the packages were received at her address by someone who signed her name.[1] Thus, the signatures contained in the records—the only statement made by a third party—were not hearsay. *Grogg* does not apply.

Alternatively, Franks could merely be arguing that the records were improperly admitted because they lacked adequate foundation under Rule 803(6). Specifically, Franks contends that McGlothin did not establish that the documents were prepared by Federal Express employees.[2] We review the district court's ruling for abuse of discretion. "[T]he determination of the adequacy of the foundation for the admission of evidence is left to the discretion of the trial court and will be overturned on appeal only if there has been a clear abuse of discretion." *United States v. Henneberry*, 719 F.2d 941, 948 (8th Cir.1983), *cert. denied*, 465 U.S. 1107, 104 S.Ct. 1612, 80 L.Ed.2d 141 (1984).

■ Franks is simply incorrect that Rule 803(6) requires that the witness testifying to the documents have personal knowledge of their preparation.[3] "Foundation under the business record exception to the hearsay rule may be supplied by a custodian of records or 'other qualified' witness who has no personal knowledge regarding the creation of the document." *United States v.*

*Kail*, 804 F.2d 441, 448 (8th Cir.1986). Thus, in *United States v. Pfeiffer*, 539 F.2d 668, 670–71 (8th Cir.1976), we rejected as without merit the argument that delivery invoices were improperly admitted "because there was no foundation laid by persons having knowledge of the preparation of the receipts." Rather, Rule 803(6) is satisfied if the custodian "demonstrates that a document has been prepared and kept in the course of a regularly conducted business activity." *Id.* at 671. The delivery invoices in *Pfeiffer* were properly admitted even though the testifying witness had no personal knowledge of their preparation. *Accord United States v. Page*, 544 F.2d 982, 986–87 (8th Cir.1976) (auto lease properly admitted under 803(6); "it is unnecessary that the identification witness have personal knowledge of the actual creation of the document"); *United States v. Keplinger*, 776 F.2d 678, 693 (7th Cir.1985) (Rule 803(6) does not require that "qualified witness" personally participate in creation of documents or "even know who actually recorded the information"), *cert. denied*, 476 U.S. 1183, 106 S.Ct. 2919, 91 L.Ed.2d 548 (1986). A contrary rule, requiring the testimony of the person who prepared the records, would eviscerate the business records exception. *Id.* at 694.

■ Thus, it does not matter that McGlothin was unable to say which Federal Express employees prepared the delivery records and airbills. Rather, McGlothin, a custodian or other qualified witness within the meaning of Rule 803(6), testified to the requirements of the rule: that the records were made at the time of delivery; that they were kept in the course of a regularly conducted activity; and that it was the

---

1. It does not appear from the record that the jury was told that the signature "Janet Franks" appeared on the delivery records. While counsel for the government asked that question, it was not answered. *See* Trial Transcript at 174–75. On cross-examination, McGlothin agreed that "there is no real way to tell the identity of the person that signs for the package." *Id.* at 176.

2. *See* Reply Brief for Appellant at 4 ("The evidence elicited regarded how the physical records are stored, not who wrote the names and addresses contained on the mailing labels and delivery records."). By contrast, counsel objected at trial that "[t]here is no foundation at

this stage that the documents are authentic or in fact signed or received by Janet Franks." Trial Transcript at 161. We have implicitly addressed counsel's trial objection on foundation in the double-hearsay discussion above.

3. Rule 803(6) provides for admission of a record "made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the ... record ..., all as shown by the testimony of the custodian or other qualified witness."

regular practice of Federal Express to make the records. *See* Rule 803(6). We think that this foundation provides sufficient guarantees that the documents were in fact prepared by Federal Express employees. The district court did not abuse its discretion in admitting the records.

 Nor did their admission, as Franks argues, violate her confrontation rights even though they satisfied the requirements of Rule 803(6). "Firmly rooted exceptions to the hearsay rule do not violate the confrontation clause." *United States v. Baker*, 855 F.2d 1353, 1360 (8th Cir.1988) (citing *Bourjaily v. United States*, 483 U.S. 171, 182–83, 107 S.Ct. 2775, 2782–83, 97 L.Ed.2d 144 (1987); *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980)), *cert. denied*, 490 U.S. 1069, 109 S.Ct. 2072, 104 L.Ed.2d 636 (1989). We held in *Baker* that documents properly admitted under the business records exception—a firmly rooted exception—do not violate the confrontation clause.

We have carefully considered Franks's other arguments on appeal and find them to be without merit. The judgment of the district court is affirmed.