982 F.2d 525
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
J. D. GILL; James Collier; Ted Collier, Appellants,
v.
SOUTHWEST ARKANSAS ELECTRIC COOPERATIVE CORPORATION, Appellee.
 No. 92-2158.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 12, 1992.
Filed: January 12, 1993.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 J.D. Gill, James Collier, and Ted Collier (plaintiffs), appeal the judgment entered by the District Court[1] following a jury trial and the District Court's order denying their motion for a new trial. Plaintiffs filed this action against Southwest Arkansas Electric Cooperative Corporation (Southwest), alleging that they hired Southwest to install electrical service in their hunting lodge, and that Southwest negligently installed an electrical insulator. Due to Southwest's negligence, they contended, the lodge caught fire and was destroyed. They claimed damages of $100,000.
 
 
 2
 At trial, plaintiffs called as a hostile witness Terry Lee, the Southwest employee who installed the insulator. During Lee's examination, plaintiffs identified, but did not introduce into evidence, a model of a section of the lodge wall. The pertinent part of the model consisted of two horizontal two-by-fours, nailed directly on top of one another, to form a layer the thickness of a four-by-four. The difference between the model and the lodge wall was that metal siding one millimeter thick covered the actual wall. On the model, the two-by-fours were not covered with metal siding. Because the metal siding on the actual wall obscured the two-by-fours beneath, plaintiffs asked Lee whether he could have screwed the insulator between the two-by-fours, rather than squarely into the top one, so that the insulator was not firmly installed. Through this line of questioning, plaintiffs sought to show that the insulator was carelessly installed and that it fell, or was pulled by the weight of the wire it was insulating, to the ground, and the arcing that occurred caused the fire. Lee denied that he had screwed the insulator between the two-by-fours.
 
 
 3
 Southwest asked Lee to demonstrate for the jury how he installed the insulator, using plaintiffs' wall model and a new insulator. The District Court twice overruled plaintiffs' objections. Lee installed the insulator squarely into the top two-by-four. During deliberations, the jury asked to see the new insulator that was installed in the model. The jury did not, however, request to see the model itself. As neither of these items had been introduced into evidence, the jury's request was denied. The jury entered a verdict for Southwest.
 
 
 4
 Plaintiffs filed a motion for a new trial, which the District Court denied. Plaintiffs timely appealed from the judgment and the denial of their new trial motion. They now argue that the District Court erred in allowing Southwest to use the model to reenact the installation.
 
 
 5
 "A trial judge has wide discretion in ruling on the admissibility of evidence, and his decisions will not be disturbed unless there is a clear and prejudicial abuse of discretion." Maddox v. Patterson, 905 F.2d 1178, 1179 (8th Cir. 1990). The District Court acted within its discretion when it allowed Southwest to demonstrate an insulator installation. The lack of metal siding on the model would not have rendered the demonstration inadmissible. See Hale v. Firestone Tire & Rubber Co., 820 F.2d 928, 932 (8th Cir. 1987) (single difference does not render an otherwise substantially similar demonstration inadmissible, but rather goes to weight of evidence). Because the District Court properly permitted the demonstration, it did not abuse its discretion when it denied plaintiffs' new trial motion. See Craft v. Metromedia, Inc., 766 F.2d 1205, 1221 (8th Cir. 1985), cert. denied, 475 U.S. 1058 (1986).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Morris Sheppard Arnold, then United States District Judge for the Western District of Arkansas, now United States Circuit Judge