986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Lonnie Gerald DUBOSE, Appellant.
 No. 92-2936.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 10, 1993.
Filed: February 22, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lonnie Dubose appeals his conviction for possessing ephedrine, a listed chemical, with the intent to manufacture a controlled substance, in violation of 21 U.S.C. § 841(d)(1) and 18 U.S.C. § 2. We affirm.
 
 
 2
 Dubose was charged with intentionally and knowingly possessing 150 grams of ephedrine on August 23, 1991, with intent to manufacture a controlled substance. Before trial, Dubose's counsel orally moved in limine to exclude as hearsay and prejudicial the testimony and business records of James Guy, general manager of Lancaster Synthesis, a chemical company. The district court[1] allowed Guy's testimony and related exhibits under the business-exception rule, and held that its probative value outweighed its potential prejudice.
 
 
 3
 Guy testified that on August 9, 1991, a Mr. Dubose called and placed an order for 1150 grams of ephedrine. He testified that Mr. Dubose asked that the chemical be shipped to "Cessor's 'D' Ranch, Route 2, Box 5, Collins, Arkansas, with a phone number of (501) 538-3903." (This was Dubose's address.) The company's telephone order form, stating this information as well as prices quoted to Dubose, was admitted into evidence as an exception to the hearsay rule over defense counsel's objections. Guy testified that a company employee (unnamed) completed the telephone order form at the time the call came in, and the form was a business record made in the regular course of business. On cross examination, Guy stated that he was not testifying as to who made the order; that the company had no way of checking information that was provided by a caller; and that he only knew an order was made and shipped to Dubose's address.
 
 
 4
 The government put on other witnesses. The defense offered no evidence. The jury found Dubose guilty, and the district court sentenced him to ten years. On appeal, Dubose argues that the district court erred in allowing the hearsay testimony of James Guy under the business-exception rule, and thus asks this court to reverse and remand for a new trial. He argues that Guy and his unnamed employee could not know whether Dubose actually placed the order, and the evidence accordingly lacked trustworthiness.
 
 
 5
 "A trial judge has wide discretion in ruling on the admissibility of evidence, and his decisions will not be disturbed unless there is a clear and prejudicial abuse of discretion." Maddox v. Patterson, 905 F.2d 1178, 1179 (8th Cir. 1990). Under Federal Rule of Evidence 803(6), records of regularly conducted business activity will not be excluded by the hearsay rule if they were made at or near the time the activity took place by a person with knowledge, if they were kept in the course of a regularly conducted business activity, if this was the regular practice of that business activity, and if this is shown by the testimony of the custodian or other qualified witness. Evidence of this sort will be admitted unless the source of the information, or the method or circumstances of preparation, indicate a lack of trustworthiness. Id. This court has held that the qualified witness need not have personal knowledge regarding the creation or preparation of the document. See United States v. Franks, 939 F.2d 600, 602 (8th Cir. 1991). In Franks, the court held that it did not matter that the custodian testifying was unable to name which Federal Express employee prepared the delivery records. Id.
 
 
 6
 This court has acknowledged that business records prepared using information obtained from an outside third party could constitute a "double hearsay problem." See Grogg v. Missouri Pac. R.R., 841 F.2d 210, 214 (8th Cir. 1988). In Franks, however, the court also held that the delivery slips, signed with the defendant's name, were not "double hearsay," because they were offered to show, not "receipt by Franks, ... but only that the packages were received at her address by someone who signed her name." 939 F.2d at 602.
 
 
 7
 The present situation is more closely analogous to Franks. Here, the prosecution offered the evidence to show that someone using Dubose's phone number, address, and name ordered the ephedrine. As in Franks, Guy admitted on cross examination that there was no real way to ascertain the identity of the person who made the call, thereby reducing potential prejudice. See Franks, 939 F.2d at 602 n.1. Here, although Guy was unable to identify which employee prepared the telephone order form, he did testify that the form was prepared at the time the ephedrine was ordered pursuant to company policy, kept as a business record, and not prepared for the purpose of litigation. See Franks, 939 F.2d at 602.
 
 
 8
 Finally, upon reviewing the record as a whole, we conclude that the danger of unfair prejudice resulting from admitting the order form did not substantially outweigh the form's probative value. See Fed. R. Evid. 403. The district court was well within its discretion in admitting the telephone order form and testimony.
 
 
 9
 Accordingly, the judgment is affirmed.
 
 
 10
 A true copy.
 
 Attest:
 
 11
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas