**Terry GEE, Appellant,**

v.

**Detective James PRIDE; David Robbins; James Conway; Nesby Moore; Rita Krapf; and Vincent Schoemehl, Appellees.**

**No. 92–2759.**

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1993.

Decided April 23, 1993.

Thomas R. McDonnell, St. Louis, MO, argued for appellant.

Michael A. Garvin, St. Louis, MO, argued for appellees.

Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGNUSON,* District Judge.

MAGNUSON, District Judge.

Gee appeals from a jury verdict and judgment in favor of appellee James Pride.[1] We affirm.

Appellant Terry Gee brought a pro se action under 42 U.S.C. § 1983 against several members of the St. Louis Police Board of Commissioners and St. Louis Police Detective James Pride (appellee). Gee alleged in his complaint that he was beaten by Detective Pride while in custody "for an alleged robbery." The trial court granted judgment as a matter of law in favor of all defendants except appellee Pride. The jury returned a verdict in favor of Pride on all remaining claims.

At trial, Gee testified on direct examination that he had previously been convicted of possession of a concealed weapon and that he was appealing three robbery convictions. Later, appellant's appointed counsel objected to a question posed by appellee's counsel to Gee on cross-examination, regarding the ap-

---

* The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri, trying the action by consent of the parties pursuant to 28 U.S.C. § 636(c).

pellant's robbery arrest. The trial court sustained the appellant's objection. Also on cross-examination, Pride's attorney asked Gee about the effects of phencyclidine (PCP) on users. Gee responded that he had never used PCP. Appellee Pride subsequently introduced certified copies of the appellant's three robbery convictions, and his convictions for possession of PCP and possession of a concealed weapon. At the close of testimony, appellant's counsel objected to the admission to evidence of the certified copies of his convictions. The trial court overruled the objections.

In his closing argument, defense counsel referred to the appellant as a "gun-toting, dope-eating stick-up man," and suggested that appellant may have been under the influence of PCP at the time of the alleged beating. Appellant's attorney did not object to defense counsel's remarks at the time of trial.

Appellant Gee seeks reversal on several grounds. First, he contends that the trial court erred in allowing defense counsel to question Gee about his robbery arrest. Second, appellant argues that the admission to evidence of certified copies of Gee's prior convictions is reversible error. Third, Gee contends that the trial court erred when it allowed defense counsel to ask appellant about the effect of PCP on users. Finally, Gee seeks reversal on the ground that defense counsel's remarks in closing arguments caused the jury to render a verdict which was the product of passion, bias and prejudice.

DISCUSSION

We review a district court's rulings on the admissibility of evidence under an abuse of discretion standard. *Maddox v. Patterson*, 905 F.2d 1178, 1179 (8th Cir.1990). A trial judge's decisions on the admissibility of evidence will not be disturbed unless there is a clear and prejudicial abuse of discretion. *Id.* (citing *Roth v. Black & Decker*, 737 F.2d 779 (8th Cir.1984))

■ Appellant's counsel objected at trial to defense counsel's initial question to the appellant regarding appellant's robbery arrest. The trial court sustained the objection. The appellant did not object to subsequent questions regarding the arrest. Failure to object to questions at the earliest opportunity constitutes a waiver of the right to argue on appeal that the questions were improper, absent plain error by the trial court. *Baxley–DeLamar Monuments, Inc. v. American Cemetery Ass'n*, 938 F.2d 846, 854 (8th Cir. 1991); *Powell v. Burns*, 763 F.2d 337, 338–39 (8th Cir.1985). We find admission into evidence of the answers to those questions was not plain error.

■ Gee also objects to the admission of certified records of his three robbery convictions and two other convictions, for possession of PCP and possession of a concealed weapon. Appellant "opened the door" to evidence regarding his prior robbery convictions by volunteering on direct examination that he was appealing the convictions and by referencing at least one of the robberies in his complaint. Gee's direct testimony regarding his robbery convictions opened the door to full development of the subject by the appellee, including introduction of certified copies of his prior convictions. *See, e.g., United States v. Helina*, 549 F.2d 713, 719 (9th Cir.1977); *see also United States v. Gleason*, 766 F.2d 1239, 1246 (8th Cir.1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 801, 88 L.Ed.2d 777 (1986). Similarly, by testifying to his concealed weapon conviction on direct examination, Gee opened the door to the admission of a certified record of that conviction.[2] Therefore, the trial court did not abuse its discretion when it admitted certified copies of the appellant's convictions for robbery and possession of a concealed weapon.

■ Regarding the PCP possession conviction, Gee testified on cross-examination that he had never used PCP. The record of his conviction for possession of PCP was

---

**2.** Because appellant had volunteered the existence of his prior convictions for robbery and possession of a concealed weapon, the subsequent introduction of certified copies of his convictions was merely cumulative, i.e., it provided

no new information to the jury. Therefore, even if the certified records of conviction were admitted in error, such error would be harmless. *See U.S. v. Newman*, 849 F.2d 156, 163 (5th Cir. 1988).

admissible to impeach that testimony. *See* Rule 609(a) Fed.R.Evid. (evidence of prior conviction admissible to attack witness credibility if probative value outweighs prejudicial effect). The trial court did not abuse its discretion in overruling appellant's objection and admitting a certified record of his conviction for possession of PCP.

■ The appellant also argues that the trial court erred in allowing defense counsel's question about the effect of PCP on users. Because the defendant cites no law in support of his contention, we assume he is asserting the general objection that the prejudicial effect of the question outweighed its probative value. *See* Rule 403, Fed.R.Evid. Based on our review of the record, we cannot say the trial court's decision to allow the question on cross-examination was a clear abuse of discretion. *See Maddox v. Patterson*, 905 F.2d at 1179; *United States v. Schepp*, 746 F.2d 406, 410 (8th Cir.1984), *cert. denied*, 469 U.S. 1215, 105 S.Ct. 1190, 84 L.Ed.2d 336 (1985) (scope of cross-examination within broad discretion of trial court).

■ Finally, Gee seeks reversal due to the prejudicial effect of remarks of defense counsel in his closing argument. Defense counsel suggested that appellant may have been "dazed" during the alleged beating because he was under the influence of PCP and referred to the appellant as a "gun-toting, dope-eating, stick-up man." Appellant's counsel did not object to defense counsel's remarks during closing arguments. This failure to properly preserve the issue for review requires us to review his claim under the plain error standard. *See Thomure v. Truck Ins. Exchange*, 781 F.2d 141, 143 (8th Cir.1986) (citation omitted). Under that standard, we may reverse only in extraordinary situations in which the error is so prejudicial as to cause a miscarriage of justice. *Id.* The remarks of defense counsel in his closing argument did not rise to that extraordinary level. Therefore, we find no plain error in allowing defense counsel's remarks.

Accordingly, we affirm the judgment of the district court.