# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-2377

———————————————

United States of America

*Plaintiff - Appellee*

v.

Cedarius Joyner

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

——————————

Submitted: March 19, 2021
Filed: April 27, 2021
[Unpublished]

——————————

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

A federal grand jury charged Cedarius Joyner with possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). At trial, the Government presented testimony from two witnesses that Joyner had drawn a firearm from his belongings and discharged it during a domestic argument before the witnesses wrested the firearm from his control. The Government also presented testimony

from a third witness that she heard two gunshots and saw Joyner holding a firearm. Joyner took the stand and denied ever possessing the firearm that was recovered by law enforcement after he had fled the scene. Without objection from defense counsel, the district court[1] permitted the Government to cross-examine Joyner regarding prior occasions when law enforcement had found him in possession of a firearm as a convicted felon. The district court instructed the jury to consider Joyner's testimony that he had possessed a firearm as a convicted felon on prior occasions "for a limited purpose only, and that is to show intent, knowledge, lack of mistake or motive." As it closed, the Government argued: "This is not a person who has a problem being around guns after he's been a felon. This is not a person who has a problem with guns at all." The jury found Joyner guilty. Joyner appeals, objecting to the admission of evidence that he had possessed a firearm as a convicted felon on prior occasions.

Because Joyner did not raise this objection at trial, we review it for plain error. *See Gee v. Pride*, 992 F.2d 159, 161 (8th Cir. 1993). "To obtain relief under a plain-error standard of review, the party seeking relief must show that there was an error that is clear or obvious under current law, that affected the party's substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ruzicka*, 988 F.3d 997, 1008 (8th Cir. 2021) (internal quotation marks omitted). An error that did not affect the outcome of the case does not meet this standard, even if the error is clear or obvious. *See United States v. Rice*, 449 F.3d 887, 894 (8th Cir. 2006).

Here, even assuming the admission of the evidence was clearly or obviously erroneous, Joyner fails to show that it affected the outcome of the case. On the contrary, in light of the inculpatory testimony offered by multiple witnesses, the evidence of Joyner's prior firearm possession likely "did not affect the outcome of the case," *see id.* at 895, especially given that the district court instructed the jury to

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

consider the evidence of Joyner's prior firearm possession only for the limited purpose of proving *mens rea*, *see United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001) ("[A] limiting instruction diminishes the danger of any unfair prejudice arising from the admission of other acts.").

      Accordingly, we affirm.

_____